International & Great Northern Railroad Company v. J. C. Butcher, Next Friend.

No. 1398.   Decided February 20, 1905.

**Charge—Double Damages.**
    An instruction directing the jury, in estimating damages for personal injury to a minor, to allow him, first, for physical and mental suffering; second, for future effect on health; third, impairment of ability to pursue, after he arrived at majority, the course of life he might otherwise have followed; fourth, decreased ability to labor and earn money, was erroneous as directing double damages for physical disability.   (Pp. 463, 464.)

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

Butcher sued the railway company and obtained a judgment which was affirmed on appeal by the defendant, who thereupon obtained writ of error.

*J. A. Read.* for plaintiff in error.—It was error to instruct the jury as was done on the measure of damages, because the same was calculated to and did confuse and mislead the jury into assessing double damages, and more damages than the law allows, and assessing damages more than once for the same thing. Missouri K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Texas C. Ry. Co. v. Brock, 88 Texas, 310; Houston

City St. Ry. Co. v. Reichart, 87 Texas, 539; St. Louis S. W. Ry. Co. v. Smith, 63 S. W. Rep., 1064.

*Brockman & Kahn* and *Wilson & Jackson,* for defendant in error.— The fifteenth paragraph given by the court announces the correct meas- ure of damages applicable to the facts of the case and does not tend to confuse the jury by authorizing a double recovery. Texas & P. Ry. Co. v. Morin, 66 Texas, 225.

Each item of damage as set forth in the charge complained of con- stituted in itself a legal element of damages and was amply justified by the evidence in the. case.

The jury were directed in this connection, generally, as follows: "If you find for the plaintiff you will assess the damages at such sum as in your sound judgment, from all the evidence, will fairly compen- sate Ernest Butcher," etc., and it must not be presumed that the jury were disposed to duplicate the damages accorded to any particular element, or that after having awarded damages for decreased ability to labor, for example, they would again award damage on this account under some other more general head.

There is nothing in the verdict to indicate that the jury were misled into assessing double damages; the amount of the verdict is moderate in the light of the evidence and not excessive.

BROWN, ASSOCIATE JUSTICE.—The Honorable Court of Civil Appeals made the following findings of fact: "On September 30, 1902, while appellee, Ernest D. Butcher, a minor 16 years old, was driving a buggy along Preston Street, a public thoroughfare of the city of Houston, which is crossed diagonally by appellant's railroad where it maintains a number of tracks, switches, frogs and guard rails, the wheel of his buggy caught in a guard rail or wing of a frog on one of the railroad tracks, by reason of the negligence of appellant, either in constructing or maintaining the guard rail or frog, and, as the direct and proximate cause of said negligence appellee was thrown from the buggy and se- riously and permanently injured, without any negligence on his part contributing thereto, to his damage in the amount found by the jury."

The trial court gave to the jury the following as a part of its charge: "If you find, for the defendant, you will assess the damages at such sum as in your sound judgment, from all the evidence, will fairly compensate Ernest Butcher for the physical and mental suffering, if any, which he has endured, and which he will likely endure in the future, and the probable effect, if any, of the alleged injuries in the future upon his health, either mental or physical, and any impairment of his ability or capacity to pursue, after he is twenty-one years of age, the course of life he might have done but for the alleged injuries, if any, and for his probable decreased mental and physical capacity, if any, to labor and earn money after he reaches the age of twenty-one years."

The jury returned a verdict for the plaintiff in the sum of $7000, upon

which the trial court entered a judgment, which was affirmed by the Court of Civil Appeals.

Error is assigned upon the above paragraph of the court's charge with this proposition: "It was error to, instruct the jury as shown, because the same was calculated to confuse and mislead the jury into assessing double damages, and more damages than the law allows, and assessing damages more than once for the same thing."

The charge submits the following four groups of facts, upon each of which the jury is directed to find damages in plaintiff's favor:

First. Physical and mental suffering, past and future.

Second. The future effect of the injuries upon Butcher's mental and physical health.

Third. For any impairment of his ability or capacity to pursue, after he arrives at his majority, the course of life he might otherwise have followed.

Fourth. For decreased physical and mental ability to labor and earn money.

The injuries which would produce a future effect upon his physical or mental health would necessarily cause the impairment of his ability or capacity to pursue a calling that he otherwise could have pursued, and such physical and mental impairment as would have the effect in the future to prevent Butcher from pursuing any vocation that he might have chosen, would decrease his ability to labor and earn money. The elements of the last three propositions are so blended in their effects upon the sufferer that they are not capable of separation so as to admit of distinct compensation. The decreased capacity to labor and earn money would necessarily be a result of the impairment of physical and mental health and would be embraced in the incapacity to follow the calling he might otherwise have chosen. Incapacity to earn money could result from nothing except physical or mental injury, and would be embraced in incapacity to pursue any desirable vocation.

The honorable Court of Civil Appeals cites in support of its conclusion Texas & Pacific Ry. Co. v. Morin, 66 Texas, 225. The difference between the charge quoted in the opinion in that case and that now before us is, that the court told the jury to consider the facts grouped in each proposition in arriving at the sum of compensation for all effects of the injuries, while this charge separated the effects of the injuries in such way as to allow the jury to assess more than one sum for a disability to earn money. Besides, in the case cited, the court did not approve the charge as a whole, but confined its decision to the error of permitting a minor to recover for diminished capacity to labor during his minority.

The court erred in giving the charge quoted, for which error the judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*