## Missouri, Kansas & Texas Railway Company of Texas v. Marvin A. Nesbit.

### Decided June 27, 1905.

**1.—Railroads—Injury to Child at Crossing—Negligence.**

Where a child of four years was running along a much used path parallel with a railway track as a train was approaching a station at a speed of four or five miles an hour, and just before the engine reached a road crossing the child undertook to cross there and fell and was run over, such facts presented the issue whether the engineer, as a reasonably prudent person, should not have foreseen that the child would undertake to cross the track and was negligent in not getting his train under control.

**2.—Same—Fall as Proximate Cause.**

The court properly refused to charge, upon the issue of proximate cause, that even though the engineer was negligent in failing to discover the child or to get the train under control after seeing that he intended to cross, yet if the child would have crossed safely had he not fallen, and a reasonably prudent person would not have foreseen his probable fall, to find for defendant. Taking into consideration the age of the child, the fact that he was running and the close proximity of the moving train, there was no such issue in the case.

**3.—Same—Failure to Give Crossing Signals—Charge.**

Where the failure to blow the whistle or ring the bell in approaching the crossing had, as in this instance, no causal connection with the accident, and the charge in general terms excluded every ground of recovery except the incapacity of the servants in charge of the engine and the failure to keep a lookout, it was not reversible error for the court to refuse to charge that the jury should not consider for any purpose the failure to blow the whistle or ring the bell, although it would have been better to have given the special charge to that effect.

**4.—Personal Injury—Future Suffering as Element of Damage.**

Where the injuries to a child consisted in the loss of his right leg and the great toe of his left foot, the nature of the injuries presented the issue of probable future physical suffering, and it was proper for the charge to instruct that the jury might take into consideration "the physical and mental suffering which he has suffered or may suffer in the future."

**5.—Same—Diminished Capacity to Earn.**

Inability to pursue the course in life which the injured party might have pursued but for his injuries falls within the category of diminished capacity to labor and earn money, and it is misleading, as allowing double damages, to mention such inability in the charge as an element of damage additional to and distinct from the other.

**6.—Argument of Counsel.**

It is error for counsel to state to the jury, in an action of damages for personal injuries, that if the verdict is too small it will not be raised in the Appellate Court, but if it is too large that court will correct it by cutting it down, and therefore if the jury err, they should err on the side that can be corrected by the Appellate Court.

Appeal from the District Court of Trinity. Tried below before Hon. J. M. Smithers.

*T. S. Miller, Bean & Nelms* and *Thomas & Rhea,* for appellant.—
1. The action of plaintiff in traveling along the pathway adjacent to the track on which the train was moving was not such as to cause an ordinarily prudent man situated as defendant's employe to anticipate that he would attempt to cross the track immediately in front of the engine and in a position of danger, and the accident, therefore, was not the direct and proximate result of the negligence charged. Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 275; Bush Electric Light Co. v. La Fevere, 93 Texas, 604; Texas & P. Ry. Co. v. Bigham, 90 Texas, 225; Insurance Co. v. Tweed, 7 Wall., 44; Railway v. Kellogg, 94 U. S., 469; Scheffer v. Washington, etc., R. R. Co., 105 U. S., 249; Chicago, etc., Ry. Co. v. Elliott, 55 Fed. Rep., 950; Berlin Mills v. Crotean, 88 Fed. Rep., 860; Texas & P. Ry. Co. v. Wood, 28 S. W. Rep., 416; Texas & P. Ry. Co. v. Beckworth, 32 S. W. Rep., 348; Rose v. Gulf, C. & S. F. Ry. Co., 17 S. W. Rep., 789.

2. The argument of plaintiff's counsel was improper, and it was the duty of the court to promptly rebuke the counsel and instruct the jury not to consider the said argument. District Court Rules, 38 to 41, 20 S. W. Rep., 14; Willis & Bros. v. McNiel, 57 Texas, 465; Delk v. Punchard, 64 Texas, 366; Gulf, C. & S. F. Ry. Co. v. Butcher, 83 Texas, 316; Gulf, C. & S. F. Ry. Co. v. Jones, 73 Texas, 235; Belo v. Fuller, 84 Texas, 453; Galveston, H. & S. A. Ry. Co. v. Wesch, 85 Texas, 600.

4. The charge of the court does not submit to the jury any question as to whether or not the plaintiff will suffer physical pain in the future, but assumes that he will suffer such pain, and authorizes the jury to find such sum of money as will fairly compensate him for any such pain. It is fundamental that it is error for the court to assume that physical pain will be suffered except in those cases in which the evidence is uncontradicted that he will suffer such pain. St. Louis S. W. Ry. Co. v. Jackson, 69 S. W. Rep., 89; Houston & T. C. Ry. Co. v. Willis, 53 Texas, 318, 327; Missouri Pac. Ry. Co. v. Mitchell, 75 Texas, 77, 80; Houston & T. C. Ry. Co. v. Bird, 48 S. W. Rep., 756; Curtis v. Rochester & S. Ry. Co., 18 N. Y., 534; 75 Am. Dec., 258, 264.

5. The charge of the court is calculated to confuse the jury and to cause them to allow damages twice for the same loss, wherein it authorized the jury to "take into consideration and award him such a sum of money as will fairly compensate him for . . . the diminished capacity, if any, to earn money and to pursue the course of life which he might otherwise have done after he shall have arrived at the age of twenty-one years." Fordyce v. Withers, 20 S. W. Rep., 766, 768; St. Louis S. W. Ry. Co. v. Smith, 63 S. W. Rep., 1064, 1067; San Antonio & A. P. Ry. Co. v. Keller, 32 S. W. Rep., 847; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347, 350; Reliance Textile & Dye Works v. Mitchell (Ky.), 71 S. W. Rep., 425; Sutherland on Damages (3d ed.), sec. 1249; 2 Shear. & Red. on Neg. (5th ed.), sec. 758; International & G. N. Ry. v. Butcher, 12 Texas Ct. Rep., 115.

*H. L. Robb, Andrews, Ball & Streetman* and *Lovejoy & Malevinsky,*

for appellee.—1. The undisputed evidence showed that the plaintiff, appellee, was in the sight and observation of a person on defendant's engine for a distance of more than two hundred feet approaching the crossing; that any person in the exercise of the least degree of care would have stopped said engine, because he would have anticipated and foreseen that this child was making for defendant's road crossing, a traveled highway leading to the commissary. Texas & P. Ry. Co. v. Harby, 675 S. W. Rep., 543; McGrew v. Railway, 74 S. W. Rep., 818; Livingston v. Wabash Ry. Co., 71 S. W. Rep., 137; Railway v. West, 36 S. W. Rep., 101; Railway v. Hewitt, 67 Texas, 475; Shoemaker v. Railway, 69 S. W. Rep., 990; Railway v. Allen, 80 S. W. Rep., 240; Railway v. Hammer, 78 S. W. Rep., 708; Railway v. Boozer, 70 Texas, 536; Railway v. Christian, 27 S. W. Rep., 933; Meeks v. Southern Pac. Ry. Co., 38 Am. Rep., 68; International & G. N. R. R. Co. v. Wear, 77 S. W. Rep., 273; Gunn v. Ohio River Ry., 36 L. R. A., 578; Roth v. Union Depot Co., 31 L. R. A., 855; Texas & P. Ry. Co. v. O'Donnell, 58 Texas, 42; Railway v. Moore, 59 Texas, 66; Railway v. Vaughn, 5 Texas Civ. App., 196.

2. There can be two concurrent proximate causes, and even though the fact that plaintiff fell on the track was one of the proximate causes of his injuries, it would not relieve the defendant if its negligence in having a blind engineer or one who operated its engine negligently, also concurred in causing the accident. Railway v. Kelly, 80 S. W. Rep., 81, 82; Railway v. Kelly, 80 S. W. Rep., 1077; Gonzales v. City of Galveston, 80 Texas, 7; Railway v. Sommers, 78 Texas, 442; Railway v. Green, 90 Texas, 257.

3. The argument of counsel alleged by the appellant to have been improper did not and could not have affected the verdict of the jury on the issue of liability, and therefore no reversible error is shown in any event, unless the alleged improper argument could have had effect upon the issue of liability, and in so much as the verdict is inadequate and not excessive, it would not, in any event, be ground for reversal. Oil Co. v. Hanlon, 79 Texas, 684; Railway v. Duelin, 86 Texas, 451; Railway v. Hogan, 88 Texas, 685; Brown v. Perez, 89 Texas, 286; Railway v. Dalwigh, 56 S. W. Rep., 136; Railway v. Smith, 57 S. W. Rep., 1002; Railway v. Kingston, 68 S. W. Rep., 519. That the verdict was not excessive: Railway v. Adams, 55 S. W. Rep., 804, loss, leg, $15,000; Railway v. Hines, 50 S. W. Rep., 624, loss, leg, $18,000; Railway v. Shelton, 67 S. W. Rep., 653, verdict, $35,000; Railway v. Kelly, 8 Texas Ct. Rep., 702, verdict, $30,000; Williamson v. Railway, 65 N. Y. Supp., 1054, loss of leg, boy eleven years old, $22,500; Gulf, C. & S. F. Ry. Co. v. Southwick, 30 S. W. Rep., 595; Gulf, C. & S. F. Ry. Co. v. Younger, 29 S. W. Rep., 950; Fort Worth & D. C. Ry. Co. v. Lock, 70 S. W. Rep., 457; Gulf, C. & S. F. Ry. Co v. Duvall, 35 S. W. Rep., 705; Attaway v. Motter, 14 S. W. Rep., 1017; Prather v. McClellan, 26 S. W. Rep., 658; Gulf, C. & S. F. Ry. Co. v. Scott, 26 S. W. Rep., 999; Hanna v. Gulf, C. & S. F. Ry. Co., 65 S. W. Rep., 495; Oriental Hotel Ass'n v. Barclay, 41 S. W. Rep., 125; Western U. Tel. Co. v. Burgess, 60 S. W. Rep., 1023; Somes v. Ainsworth, 75 S. W. Rep., 839; Fordyce v. Withers, 20 S. W. Rep., 766; Western U. Tel. Co. v. Teague, 27 S. W. Rep., 958; Rotan v. Maedgen, 59 S. W. Rep.,

586; Western U. Tel. Co. v. Wingate, 25 S. W. Rep., 439; Houston & T. C. Ry. Co. v. Gee, 66 S. W. Rep., 78; Texas & P. Ry. Co. v. Rea, 65 S. W. Rep., 1115; L. H. & St. Louis Ry. Co. v. Morgan, 62 S. W. Rep., 736; Matthews v. Thatcher, 76 S. W. Rep., 66; Baldwin v. Grand Trunk Ry. Co., 64 N. H., 596; Waterman v. Chicago & .A. Ry. Co., 82 Wis., 613, 52 N. W. Rep., 247.

3. The amount of the verdict indicates that the jury was probably influenced by the improper argument of appellee's counsel, and defendant's motion for new trial should have been granted. Gulf, C. & S. F. Ry. Co. v. Jones, 73 Texas, 235; Galveston, H. & S. A. Ry. Co. v. Kutac, 72 Texas, 643; Western U. Tel. Co. v. Burgess, 60 S. W. Rep., 1023; St. Louis S. W. Ry. Co. v. Holmes, 49 S. W. Rep., 659; Hunstock v. Roberts, 65 S. W. Rep., 675; German Ins. Co. v. Harper, 67 S. W. Rep., 755; Chicago, R. I. & T. Ry. Co. v. Musick, 76 S. W. Rep., 221; Garrity v. Rankin, 55 S. W. Rep., 368; Houston & T. C. Ry. v. Rhem, 11 Texas Ct. Rep., 41.

GILL, ASSOCIATE JUSTICE.—On May 28, 1903, at Willard, in Trinity County, Texas, Marvin A. Nesbit, a boy about four years of age, was struck and injured by an engine of appellant pulling a passenger train at a public road crossing, and to recover damages therefor this suit was instituted in his behalf by his father, as next friend. The negligence alleged against the defendant was, first, a failure of its employes in charge of the engine to keep proper lookout and discover plaintiff in time to avoid the accident; and, second, that the plaintiff had in its employ in charge of said engine an engineer and fireman who were incapacitated to keep a proper lookout and hear signals or warnings given, in that the fireman was partially deaf and the engineer partially blind. The defendant pleaded the general issue. A trial was had and verdict and judgment rendered in favor of plaintiff in the sum of $15,000. From this judgment the railway company has appealed.

In view of the disposition we have made of the cause and of the nature of the assignments we shall consider, it is unnecessary to set out the facts at length. The minor, a child about four years old, was running along a much used path parallel with the railway track just as appellant's passenger train was approaching one of its stations. The speed of the train was four or five miles an hour. Just before the engine reached a road crossing the child undertook to cross the track at the crossing, fell, and was run over by the engine. The child could have been seen by the engineer for some distance before it reached the crossing, and the evidence presents the issue whether a reasonably prudent person would not have foreseen that the child would undertake to cross the track.

Without stating the facts more fully, we express the opinion that the evidence presents the issue of liability upon the grounds alleged. We therefore overrule the assignments addressed to the refusal of the trial court to instruct a verdict for defendant.

Under the eighth assignment appellant complains of the refusal of the trial court to charge on the issue of proximate cause, and to instruct the jury that even though the engineer was negligent in fail-

ing to discover the approach of the child or to get his train under control after seeing that he intended to cross, yet if the child would have crossed safely and without injury had he not fallen, and a reasonably prudent person. would not have foreseen his probable fall, to find for defendant. The charge was properly refused. Taking into consideration the age of the child, the fact that he was running and the close proximity to the moving engine, we think there was no such issue in the case.

There was evidence admitted without objection that the whistle was not blown nor the bell rung in approaching the crossing. This was not complained of as a ground of recovery, nor so submitted in the charge. The failure in these respects had no causal connection with the accident. The court in general terms excluded every ground of recovery except those specifically submitted, but refused a requested charge advising the jury that they should not consider for any purpose the failure to ring the bell or sound the whistle. Of this appellant complains. We would not reverse upon the point because we believe the main charge precluded all danger to appellant from the immaterial evidence and that the jury were not misled. We are inclined to think, however, the special charge should have been given.

Appellant complains of the following charge on the measure of damages: "You are instructed that in the event you find in favor of the plaintiff, in estimating the actual compensatory damages to which he is entitled, you may take into consideration and award him such a sum of money as will fairly compensate him for the physical and mental suffering which he has suffered or may suffer in the future, and the diminished capacity, if any, to earn money and pursue the course of life which he might otherwise have done after he shall have arrived at the age of twenty-one years. You must not allow him anything for diminished earning capacity during the period of his minority, for that would belong to his father, if to any one, awarding him as a whole only such a sum of money as the present cash value of which would be actual compensation for the injuries, if any, sustained." .

Two objections are urged against the charge: first, that it is upon the weight of evidence in assuming that the plaintiff will suffer pain in the future; and second, its terms are misleading and tended to induce the jury to allow double damages.

As a result of the accident the minor lost his right leg about four inches below· the knee; lost the great toe from his left foot, and, in addition to other slight wounds and bruises, sustained a deep scalp wound. At the date of the trial all his hurts were entirely healed. His growth had not been retarded, and mentally he was bright and uninjured. There is no evidence that his injuries were of such a nature as to entail further physical pain. We are inclined to think the nature of his injuries presented the issue of probable future physical suffering. We think, however, it would have been error to assume it as an inevitable consequence. But the charge is not open to this construction, hence the objection can not be sustained.

The second objection is practically the same as that sustained in · Railway v. Butcher, 12 Texas Ct. Rep., 115. In that case it was

held, in effect, that the inability to pursue the course in life which the injured party might have pursued but for his injuries, fell within the catagory · of diminished capacity to labor and earn money, and that it was misleading to mention it in the charge as an element of damage additional to and distinct from that. The charge held error in the case cited and the paragraph now before us can not be distinguished in principle. We therefore hold on the authority of Butcher's case, supra, that it is such error as requires a reversal of the judgment.

Counsel for appellee have filed a supplemental argument which is an able review of the authorities bearing upon the question, especially of the Texas decisions . containing expressions apparently inconsistent with the holding in Butcher's case, supra. We do not follow counsel in the review of these cases because, if it be conceded that they uphold counsel's contention, it would amount only to an assault on the soundness of the last expression of our Supreme Court on the question. Whether the charge in question would mislead a sensible jury may be gravely doubted. That it is not an accurate instruction on the measure of damages we have no doubt.

In the opening argument before the jury one of the counsel for appellee used the following language: "You may give this child a verdict for $5,000 or for $25,000, and in my opinion as a lawyer our Appellate Court would sustain either verdict. If you should give a verdict that is too small, it would not be raised up, but if you give a verdict that is too large, the Appellate Court will correct it by cutting it down. Therefore, if you err, you should err on the side that can be corrected by the Appellate Court."

On objection of appellant the court interrupted the speaker and stated that an exception had been taken, whereupon counsel continued as follows: "I am not going to make any mistake, and I will state that it is primarily your duty to assess the damages in this case in accordance with the charge of the court and the evidence, but while this is true, if you make a mistake and allow him too much, the Appellate Court will correct it."

This occurred in the forenoon and the court made no further effort at that time to correct it. In the afternoon another of appellee's counsel used the following language: "We do not want any measly verdict, and, as stated by my associate this morning, you can't make a mistake by giving too large a verdict, for if you do the Appellate Court will correct it."

The court, upon objection, rebuked counsel and instructed the jury orally not to consider it. He thereafter gave a requested instruction to the same effect.

One of the assignments of error is addressed to these arguments, but counsel for appellee here insist with evident sincerity that they were not improper. Whether, in view of the action of the trial court in undertaking to withdraw it from the jury, we would reverse the judgment upon this ground alone, we need not determine, because the appeal has been disposed of upon other grounds. For a like reason we might ordinarily allow the matter to pass without comment. We would probably have ignored it had counsel for appellee conceded its impropriety. But that the error may be repeated hereafter is evident

from the earnest insistence of counsel both here and in the lower court that the language used was both lawful and appropriate. For this reason we take this opportunity to stamp it once for all with our unqualified disapproval. In cases of this sort involving elements of damage incapable of accurate measurement in dollars and cents, the field of the jury's discretion is broad indeed and a verdict can be disturbed by this court as excessive only when by its size, compared with the injury suffered, it is manifestly the result not of a sound discretion temperately exercised, but of passion and prejudice. Appellate Courts may exercise the power to require a remitter only in those cases where, in the absence of the statute conferring the power, the judgment would have been reversed and remanded as excessive.

It is therefore plain that the power of this court to require a remitter in such cases is not to be considered in the trial courts for any purpose. The parties plaintiff and defendant had the right to the untrammelled judgment of the jury on the question of the amount of damages. The task of revising jury verdicts in matters of amount is both difficult and delicate, and it ought not to be rendered more so by an invitation to the jury to resolve all doubts in favor of a large verdict, thus passing up to the trial judge and to this court a duty which is not only primarily, but finally theirs.

The court has rarely disturbed a verdict in amount except over the bitter protest of the winning party and an eloquent warning against the danger of encroaching upon the province of the jury as the final arbiter of the facts. What could counsel say in this case if, after the matter has by their own invitation been thus passed by the jury to us, should we substitute for the verdict our own judgment as to the proper amount and it should happen to be much less than the jury has found? Would they not still contend that the jury had not departed from their legitimate field of discretion, which we are forbidden to invade? And this though the language complained of may have induced the jury to render a verdict for $15,000, instead of $5,000 or $10,000?

But the conclusive reason for holding such argument reprehensible is that it is impossible to determine the extent to which a verdict may be affected thereby, and the evil can not therefore be cured by requiring a remitter. Such language is a most insiduous temptation to a jury, and it is doubtful if its effect can be withdrawn by any action on the part of the trial court.

Whether, therefore, in any case we would hold the error harmless, we do not decide.

For the reasons given the judgment is reversed and the cause remanded.

*Reversed and remanded.*