TEXAS & NEW ORLEANS RAILWAY COMPANY v. JOHN McCRAW.

Decided May 16, 1906.

**1.—Assumed Risk—Negligence of Master.**

A negligent act imputable to the master, and which can not be anticipated by the servant, is never the subject of assumed risk.

**2.—Fellow Servant Act of 1897 Construed.**

The removing of a handcar from the main track of a railway by the section gang in the performance of their duties, and the lifting ,and placing of the same back upon the track is an operating of the car within the meaning of the fellow servant act of 1897,. and the company is liable for injuries sus-tained by one member of such gang caused by the negligence of other members.

**3.—Charge—Double Damages.**

A charge is defective, not necessarily because it suggests to the jury the various subjects or elements of damages they may consider, but where it men-tions the subjects in such a way and in such a connection as is calculated to lead them to treat items that enter into the same subject as separate and distinct elements of damage.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Baker, Botts, Parker & Garwood* and *Chester & Chester,* for appellant. —Where a gang of men are working together, and one receives an injury through the acts or conduct of the others, the burden is on him to prove not only that he so received such injury, but also that such acts or con-duct constitute negligence. Texas & N. O. R. R. Co. v. Crowder, 63 Texas, 506; Texas & N. O. R. R. Co. v. Crowder, 76 Texas, 501; Murray v. Gulf, C. & S. F. Ry. Co., 73 Texas, 2; St. Louis, A. & T. Ry. Co. v. Denny, 5 Texas Civ. App., 359; Gulf, C. & S. F. Ry. Co. v. Kizziah, 86 Texas, 89.

In a suit for damages, proof that those lifting a handcar with plain-tiff suddenly ceased to support the weight, thereby increasing his burden and injuring him, without any explanation as to the cause thereof, does not establish negligence. Seery v. Gulf, C. & S. F. Ry. Co., 8 Texas Ct. Rep., 925; McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 168; Trinity Co. Lumber Co. v. Denham, 85 Texas, 56; Broadway v. San Antonio Gas Co., 60 S. W. Rep., 270; Missouri, K. & T. Ry. Co. v. Crowder, 55 S. W. Rep., 380; Patton v. Texas & P. Ry. Co., 179 U. S., 658; Labatt's Master & Servant, secs. 833-837.

An injury to a member of a crew engaged in lifting a handcar, re-sulting from unexplained failure of two other members to support their portion of the weight, is an ordinary risk, assumed, for which the master is not liable. Seery v. Gulf, C. & S. F. Ry. Co., 8 Texas Ct. Rep., 925; San Antonio Trac. Co. v. DeRodriguez, 8 Texas Ct. Rep., 750.

A vice principal can not recover damages occasioned him by the negligence of a servant while engaged with such vice principal in the performance of an act under his immediate supervision, management or control. Sayles' Statutes, art. 4560g; Moore v. Jones, Recev'r, 15 Texas Civ. App., 391; Seery v. Gulf, C. & S. F. Ry., 8 Texas Ct. Rep., 927; Sweeney v. Gulf, C. & S. F. Ry., 84 Texas, 436; Missouri Pac. Ry. v. Williams, 75 Texas, 4; Ragsdale v. Memphis & C. Ry., 3 Baxter, 426 (59 Tenn.); Sher. & Red., sec. 241, p. 439.

The special charge is erroneous, because it assumes that the work appellee and others were engaged in, the lifting of a handcar to be carried to and placed on the track, constituted an "operation" of such within the meaning of the law. Long v. Chicago, R. I. & T. Ry. Co., 57 S. W. Rep., 803; Lawrence v. Texas Cent. Ry. Co., 61 S. W. Rep., 342; Lakey v. Texas & Pac. Ry. Co., 7 Texas Ct. Rep., 870.

A verdict for three thousand dollars in favor of a minor within a few days of his majority for a partial hernia received about two years previous where there has been but very little suffering, inconvenience or disability, and the evidence does not warrant a finding of future disability or lessened earning capacity, is excessive. Morrison v. Northern Pac. Ry., 33 Am. and Eng. Ry. Cases, N. S., 233.

When a party sustains an injury it is his duty to use care, prudence and diligence to minimize the effect and duration thereof. If he fails to do this he can not recover such damages flowing therefrom as he could have avoided by use of such care, prudence and diligence. Ft. Worth & D. C. Ry. Co. v. Daggett, 87 Texas, 327; Gulf, C. & S. F. Ry. Co. v. Coon, 69 Texas, 730; Western U. Tel. Co. v. Hoffman, 80 Texas, 422; City of Waxahachie v. Connor, 35 S. W. Rep., 692; Shear. Red. Neg., sec. 95; Beach Cont. Neg., sec. 69; Sutherland Dam., sec. 1255.

*George D. Anderson* and *Oswald S. Parker,* for appellee.—When it appears from the evidence that injury to plaintiff resulted directly and proximately from an act or omission on the part of another person or persons, and such act or omission is shown to be out of the ordinary and something that could not reasonably be anticipated at the time, and is shown to be such act or omission as, under the circumstances, was naturally calculated to injure plaintiff, the plaintiff has, under these circumstances, established a prima facie case of negligence, requiring some positive testimony to explain, justify or excuse. Missouri Pac. Ry. Co. v. Bond, 2 Texas Civ. App., 104; Schram v. Strouse, 28 S. W. Rep., 264; Gillum et ux v. New York & T. S. S. Co., 76 S. W. Rep., 234.

"The operation of the hand car was the operation of a railroad, in the sense of article 4560-f, Revised Statutes, 1895, the terms of which are decisive against the proposition between defendant" company and Mc-Craw, that the question of liability could be in any wise affected by Mc-Craw being either the vice-principal or the fellow servant of the negligent employes. Galveston, H. & S. A. Ry. Co. v. Perry, 85 S. W. Rep., 64; Gulf, C. & S. F. Ry. Co. v. Howard, 80 S. W. Rep., 229; Galloway v. San Antonio & G. Ry. Co., 78 S. W. Rep., 32.

The language of the statute in question, article 4560-f, is too explicit to allow of any construction.

The record in this case will not warrant this Appellate Court in de-

claring the verdict of the jury excessive in amount. Texas & N. O. Ry. Co. v. Lee, 74 S. W. Rep., 347; Missouri, K. & T. Ry. Co. of Texas v. Hannig, 41 S. W. Rep., 197.

The charge on the measure of damages was not misleading or confusing to the jury, nor did it tend to induce them to allow double damages. North Texas Traction Co. v. Yates, 88 S. W. Rep., 283; Gulf, C. & S. F. Ry. Co. v. Warner, 54 S. W. Rep., 1067; Gulf, C. & S. F. Ry. Co. v. Greenlee, 62 Texas, 351; Houston & G. N. R. R. Co. v. Randall, 50 Texas, 261.

JAMES, ASSOCIATE JUSTICE.—Appellee sued by next friend and alleged that on or about February 21, 1903, he was a member of a gang of men in defendant's employ, whose duties, among other things, required them to operate a handcar to and from work on the track. That about six o'clock on the evening of said date they had been at work about two miles west of Beaumont and in the performance of their duties it became necessary to replace the car on the track for the purpose of returning to the camp at Beaumont; that for this purpose plaintiff and the other servants composing the gang, took hold of the car which had been placed several feet away from the track, and lifting same up started to place it upon the track, but that after it was lifted certain of them suddenly and without warning to plaintiff negligently failed to sustain their share of the weight and allowed the strain of a large portion of the weight to come upon plaintiff, whereby he was seriously and permanently injured, which injury consisted of a rupture, whereby he has become unfit to follow his occupation as a laborer, and wholly unable to perform any manual labor without great pain and inconvenience and risk to his life and general health, etc. He asked for damages in the sum of $20,000. A verdict was returned for $3,000.

Defendant answered in substance: 1st, That the car was not being operated at the time, and the act complained of was that of plaintiff's fellow-servants; 2d, that it was a matter the risk of which was assumed; 3d, that plaintiff was foreman of this gang at the time; 4th, that plaintiff's injuries, if any, have been largely and materially contributed to by plaintiff by his failing to take proper care of himself and by taking violent and dangerous exercise for one in the condition he claims to have been in.

The only witness who testified to the circumstances of the occurrence, was the appellee. He testified that the car was lying with its end toward the track and there were three men on the far side. He was on the corner at the end next the track. The nearest end was four or five feet from the track. "Six of us picked the car up and made a step or two toward the track and the men on my side gave way and let the weight of the car on me. In fact they turned loose and of course I could not hold the weight of it and had to let go. When the weight came on me I felt something break loose on the inside. They gave no warning that they were going to turn loose. After that we picked the car up and carried it on the track. I knew the weight came on me and I had to let mine down and they didn't have hold of it."

The method of using the car was to take it out to the place of work and pick it up and remove it from the track out of the way of trains,

and it would be picked up and placed back on the track to return to camp or to go to where there was other work to do. It was an every day affair. It took six men to handle it in this way, and was a pretty good load for six men.

One John Collopy was foreman of the whole gang which consisted of about thirty-five or forty men, all Mexicans except plaintiff and the assistant foreman E. E. McCraw, and on that day Collopy had gone to Houston; E. E. McCraw had another gang at work elsewhere and there was testimony that appellee was in charge of this gang as foreman. Appellee denied this relation and testified that he was no other than a mere laborer like the others.

It is not necessary for us to go minutely into the testimony. We find there was evidence in plaintiff's testimony to fairly support the verdict, in that the two persons working at plaintiff's side in carrying the handcar back to the track appeared to have been negligent in releasing their hold, thereby suddenly and unexpectedly throwing excess of weight on plaintiff, causing him the injury complained of. There was evidence that would sustain such a finding, even after duly considering the circumstances cited by appellant to weaken the force and reliability of plaintiff's statement. It presented the issue of negligence sufficiently to make it necessary to be submitted to the jury. We might agree with appellant that if nothing had been disclosed but that additional weight was turned on plaintiff in the manual moving of the car, without some explanation of the manner by which this was occasioned, enough would not have appeared to prove negligence. But the fact that the two men lifting on the same side with plaintiff let go their hold at just that time tends to locate the act which threw the weight upon plaintiff, and shows it in the light of an act that was inconsistent with ordinary care. The case was allowed by defendant to go before the jury in this condition of the evidence. These remarks dispose also of the first proposition under the fifth assignment of error.

Under the second assignment appellant presents the following proposition: "An injury to a member of a crew engaged in lifting a handcar, resulting from unexplained failure of two members to support their portion of the weight is an ordinary risk assumed, for which the master is not liable." What has been said above is relevant to this proposition and disposes of it. A negligent act, that can not be anticipated by the injured party, is never the subject of assumed risk. The assignment under consideration is that the undisputed evidence shows that the injury resulted from a risk that was assumed by plaintiff, and we are unable after consideration of the evidence, to sustain it.

In connection with plaintiff's third assignment of error we shall state how the court submitted the case to the jury.

The court in the main charge assumed that the act in which this gang was engaged was in the course of the operation of the car, "if the jury found the defendant used in connection with the work, a handcar for the purpose of transporting plaintiff and others to and from their work and for the purpose of transporting tools and material used in connection with such work, and the handcar with which plaintiff was working was being so used and it became necessary to remove same from defendant's track and to replace same on defendant's track, and that the

plaintiff and the other employes with him were then engaged in replacing said handcar upon defendant's track, etc." In a special charge asked by plaintiff's counsel the jury were told that the fellow-servant Act of 1897 (quoting article 4560f Sayles Rev. Stats.) applied to this case, and that if plaintiff was injured as alleged while in the employ of defendant and while operating in conjunction with those with whom he was working, one of defendant's handcars, and that he was injured by the negligence of any other of the servants engaged at the time with him on the work of operating said handcar, then plaintiff could recover regardless of whether or not he was a fellow-servant with the other and regardless of whether or not he was foreman of the gang.

With this statement of the character of the charge we proceed to consider the propositions made by appellant under its third and eighth assignments.

Proposition 1: "A vice-principal can not recover damages occasioned him by the negligence of a servant while engaged with such vice-principal in the performance of an act under his immediate supervision, management and control." The merits of this proposition in a proper case, need not be dealt with here. If the court was right in holding that under the facts of this case the handcar was being operated within the meaning of said article, then the fact that plaintiff was foreman made no difference. This question has been considered by us in other cases. (Galveston, H. & S. A. Ry. v. Perry, 85 S. W. Rep., 64; Galloway v. San Antonio & G. Ry. Co., 78 S. W. Rep., 32.)

We are of opinion that the trial court was right in holding that the moving the handcar back to the track, in the prosecution of the work of the gang, was the operation by defendant of same. It is necessary in such work to remove and keep the car from the main track pending the work of the gang at a particular place. It is not practicable for switches to be placed so that the handcars can on such occasions be turned into them, instead of setting them down on the right of way. If this car had been removed from the track by running it out upon a switch, the act of running it back again along the switch would clearly have been operating it. This it seems to us could not be questioned. We can perceive no real difference where its removal and restoration to the track is effected by carrying it off and carrying it back again.

There was no dispute in the evidence as to the removal of the car from the track and as to its being lifted and carried back to the track, and that the injury, if any, occurred during the act of carrying it back and during the prosecution of the work in the regular manner. The court had the right to assume and so inform the jury that the car was being operated in the sense of the statute, and the charge left for the jury's determination the issue of negligence. Therefore the other propositions under these assignments are not sustained. This applies also to the second proposition under the fifth assignment.

We need not consider the fourth assignment insofar as it insists that the verdict is excessive in view of a reversal on another ground. One proposition under the assignment is based upon the idea expressed in the following part of it: "Because the undisputed evidence shows that plaintiff by his own contributory negligence in failing to have himself operated upon as he was advised by his physician to do and use proper

precaution and care in his conduct, work and movements, has prolonged and materially increased the result of his alleged injury." We can not declare from the amount of the verdict that the jury did not give due effect to all testimony bearing on that subject. Defendant requested and the court gave the following special instruction on the subject: "You are charged that if plaintiff received any injuries it was his duty to have taken such care of himself and procured for himself such medical treatment, if any was necessary, as a person of ordinary care and prudence would have done under the same or similar circumstances, and if you believe from the evidence that he sustained any injuries at the time and place alleged by him, and that same were received under such circumstances as to render the defendant liable therefor under the other instructions given you, yet if you further believe from the evidence that plaintiff failed to use ordinary care in taking care of himself thereafter or to secure medical treatment for himself, if any was necessary, then you are instructed that plaintiff could not recover of defendant for any such damage or suffering, if any, he sustained by reason of such failure on his part."

On the measure of damages the court gave the following charges: "If you determine that plaintiff was injured substantially as alleged by him, and if you find for the plaintiff, then you may consider the nature, extent and duration of such injury, and whether or not plaintiff has suffered physical or mental pain, and whether or not he will hereafter so suffer, as a result of such injuries; and you may also consider whether or not plaintiff's earning capacity, after he reaches the age of twenty-one years, will be diminished by reason of such injuries, and you may consider whether or not such injuries will result in inconvenience, or risk to plaintiff's general health or life; and having considered these matters, you will render your verdict for such a sum of money as in your conscientious judgment will fairly compensate plaintiff for such injuries."

Defendant's special charge No. 2. "You are charged that if plaintiff received any injuries it was his duty to have taken such care of himself and procured for himself such medical treatment if any was necessary as a person of ordinary care and prudence would have done under the same or similar circumstances, and if you believe from the evidence that he sustained any injuries at the time and place alleged by him, and that same were received under such circumstances as to render the defendant liable therefor under the other instructions given you, yet if you further believe from the evidence that plaintiff failed to use ordinary care in taking care of himself thereafter or to secure medical treatment for himself if any was necessary then you are instructed that plaintiff could not recover of defendant for any such damage or suffering if any he sustained by reason of such failure on his part."

Appellant complains of the first of these charges, it occurring in the main charge. One objection is that it and the above special charge are inconsistent and contradictory. We do not so regard them. It is true that the paragraph in the main charge makes no reference to a diminution of recovery by reason of plaintiff's conduct in failing to have himself treated or to take proper care of himself. Defendant evidently asked the special instruction to remedy this omission. And we do not see

how the jury could have failed to so understand it. It refers to the other instructions given and in effect tells the jury that notwithstanding such other charges, plaintiff could not recover of defendant for any damage or suffering which was attributable to such failure on his part.

The criticism which appellant directs to the first of the above charges is that it is misleading and confusing and tended to induce the jury to allow double damages. This presents a serious question.

In the case of International & G. N. Ry. v. Butcher, 98 Texas, 462, a charge on this subject authorized the jury to assess damages that would fairly compensate Butcher for the physical and mental suffering past and future, *and* the probable effect of the injuries upon his health mental and physical, *and* any impairment of his ability to pursue the course of life he might have done but for the injuries, *and* his probable decreased mental and physical capacity to labor and earn money. The italics are ours. There is a difference between that case and this in that here the jury were not in terms instructed to find for plaintiff in respect to the different subjects, as they were in that one.

We observe the same difference between this charge and the one given in the case of Railway v. Perry, which was as follows: "If you find for plaintiff you will say so by your verdict and assess the damages at such sum as from all the evidence will, in your sound judgment fairly compensate plaintiff for impairment of his general health, *and* for the physical injury he has suffered, *and* for such physical and mental suffering as resulted therefrom, *and* for the expenses for which he had become liable for medical treatment, and for the reduction and impairment of his ability to earn a living in the future."

In the above opinions the court, however, does not lay stress on the fact that the charges then under consideration directed the jury to find for plaintiff for the items enumerated. It is evident that it was considered sufficient to condemn the charges that they admitted of the jury finding separately for the various items mentioned for them to consider, whereby they might have found damages twice for the same thing.

In the case of Missouri, K. & T. Ry. v. Nesbit, 13 Texas Ct. Rep., 656, the charge was: "You are instructed that in the event you find in favor of the plaintiff, in estimating the compensatory damages to which he is entitled you may take into consideration and award him such a sum of money as will fairly compensate him for the physical and mental suffering which he has suffered or may suffer in the future, and the diminished capacity if any, to earn money and pursue the course of life which he might otherwise have done." This the Court of Civil Appeals at Galveston went so far as to hold submitted as distinct elements of damages, and diminished capacity to pursue the course of life which plaintiff might otherwise have pursued, and what was involved in the same thing, diminished capacity to earn money thus authorizing the assessment of damages twice for the same thing. While we may doubt that a jury could have been misled into giving that construction to the charge as it was worded the case serves to illustrate the necessity of extreme caution in the preparation of charges on the measure of damages in this class of cases to avoid the appearance of inviting double damages.

The rule applied by the Supreme Court in the Butcher and Nesbit

cases, is understood to be that a charge is defective, not necessarily because it suggests to the jury the various subjects or elements of damages they may consider, but where it mentions the subjects in such a way and in such a connection as is calculated to lead them to treat items that enter into the same subject, as separate and distinct elements of damage.

There could be no objection to a charge which authorizes recovery for physical suffering, which in the same connection properly presents and explains the different matters which would come under that head for consideration. So also with mental suffering, or diminished earning capacity. But when these matters are presented in such a way as to appear to treat them as distinct and independent items of damage, the charge is objectionable. As said in a Kentucky case, Southern Cov. & C. Ry. v. Nelson, 89 S. W. Rep., 202, the court passing upon a charge: "It directed the jury in estimating plaintiff's damages to segregate such of his injuries as ought to have been considered and estimated under the heads of physical and mental suffering and the permanent impairment of his ability to earn money, into special items of damage and allowed them to estimate the damages for each item as distinguished from the others and from the damages on account of physical and mental suffering or permanent disability." Applying this rule to the charge in question it is open to the criticism made.

It charged the jury to consider physical and mental pain suffered or to be suffered, and the effect of the injuries on plaintiff's earning capacity after he should have reached the age of 21 years. So far no defect in the charge is detected. It proceeds: "And you may consider whether or not such injuries will result in inconvenience, or risk to plaintiff's general health or life." "Inconvenience" would imply what is incident to physical discomfort. It is something that results naturally from physical pain and doubtless also from mental suffering. "Risk to plaintiff's general health or life" is a somewhat vague expression. If it means concern or apprehension from the dangers of sickness or death, as it was likely to be taken, it would be included in mental suffering consequent upon the injuries.

There was no error in the instruction referred to by the eighth assignment. Nor do we regard as error what is presented by the ninth assignment.

*Reversed and remanded.*