FT. WORTH & RIO GRANDE RY. CO. v.
CRANNELL.

(Court of Civil Appeals of Texas. Ft. Worth.
May 25, 1912. Rehearing Denied
June 22, 1912.)

1. DAMAGES (§ 168*)—EVIDENCE—ADMISSIBILITY.

Where, in a passenger's action for injuries resulting in cystitis, the defendant contended that plaintiff's disease resulted from a previously existing ailment aggravated by mental anxiety and worry, defendant's evidence of rumors connecting plaintiff with a certain social scan-

dal was properly excluded, where there was no proof of notice to him of such rumors.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 480, 482–486; Dec. Dig. § 168.*]

2. DAMAGES (§ 216*)—INSTRUCTION—DOUBLE RECOVERY.

In a passenger's action for injuries, an instruction allowing him for "impaired capacity to labor and earn money," and also for "loss of time," was erroneous, in that it authorized a double recovery for the same injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

3. TRIAL (§ 244*)—INSTRUCTION—DAMAGES.

An instruction in a passenger's action for injuries, which authorized recovery for "impaired capacity to labor and earn money" without any limitation expressed, and then subsequently in the same words authorized such allowance as future damages, laid undue emphasis upon that issue, and tended to induce the jury to make a double allowance of damages for such loss.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

4. TRIAL (§ 260*)—INSTRUCTION.

A requested instruction sufficiently covered by the instructions given was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by J. V. Crannell against the Ft. Worth & Rio Grande Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Andrews, Ball & Streetman, of Houston, and Chapman & Lockett, of Ft. Worth, for appellant. Hexter & Kramer, of Dallas, and Capps, Cantey, Hanger & Short, of Ft. Worth, for appellee.

DUNKLIN, J. While traveling as a passenger on one of the passenger trains of the Ft. Worth & Rio Grande Railway Company, J. V. Crannell sustained a personal injury as the result of a collision between that train and another. He was occupying a berth in the sleeping car at the time of the accident; the jar of the car resulting from the collision caused his head to come in contact with the end of the berth, and the blow he thus received resulted in his injury. He instituted this suit for damages, alleging the facts recited above, and predicated his claim for damages for the injury upon allegations that the accident was due to the negligence of the railway company, which was the proximate cause of the injuries. From a judgment in his favor, the company has appealed.

[1] Plaintiff introduced evidence tending to show that the injury resulted in the disease known as "cystitis." After introducing evidence tending to show that prior to the accident plaintiff was suffering with neurasthenia, that cystitis was an incident of that affliction, and is always aggravated by mental anxiety and worry, the defendant offered to prove by Drs. Bell, Mendell, and Millican, the public notoriety, by common rumor, and through newspapers published in St. Joseph, Mo., where plaintiff formerly resided (but after he had left that city), of a certain social scandal in which plaintiff was named as a participant, and that knowledge to him of that report probably would affect his nervous system and aggravate the disease, cystitis. The exclusion of this proffered testimony upon plaintiff's objection that there was no proof of notice to him of such rumors is assigned as error. As the fact stated as a reason for the objection is sustained by the record, there was no error in the ruling. Nor do we wish to intimate that the evidence would have been admissible if that predicate had been established.

[2, 3] There was evidence tending to show that by reason of the injury plaintiff was suffering from cystitis at the time of the trial; that he had sustained physical and mental suffering and loss of time from his business by reason thereof; that the disease was permanent, and would impair his ability to labor in the future. Such evidence having been introduced, the trial court gave to the jury the following instruction upon the measure of plaintiff's damages, of which instruction appellant complains on the ground that it authorized a double recovery for the same injury: "The measure of damages, if any you find, will be such a sum of money as in your judgment would be a fair and reasonable compensation for the physical pain, if any, mental anguish, if any, loss of time, if any, and impaired capacity to labor and earn money, if any, suffered by plaintiff, directly and proximately, from said injuries, if any, and the reasonable, usual, and customary value of the medical services of Dr. Means, if any, rendered by reason of said injuries, if any. And if you find for the plaintiff under the instructions given in this and foregoing paragraphs of this charge, and you further believe from a preponderance of the evidence that plaintiff has not recovered from said injuries, but will continue to suffer therefrom, then you will allow plaintiff for such future physical pain, if any, mental anguish, if any, loss of time, if any, and impaired capacity to labor and earn money, if any, such a sum of money in addition to other damages, if any you find, as, if paid now, would in your judgment be a fair and reasonable compensation therefor." If damages be allowed plaintiff for "impaired capacity to labor and earn money," necessarily he will be compensated for "loss of time" from his business; and yet, in the instruction quoted, the two items are twice mentioned as separate and distinct, and the jury are told to allow for both. Furthermore, the instruction in the first portion of the charge quoted, that plaintiff should be allowed damages for "impaired capacity to labor and earn money," was without any limitation expressed, and sufficient to in-

clude any and all loss of such capacity, whether temporary or permanent. The further instruction to allow for future "impaired capacity to labor and earn money" was an undue emphasis of that issue, and likely to induce a double allowance of damages for such loss. The charge was erroneous, and for this error the judgment must be reversed. I. & G. N. Ry. Co. v. Butcher, 98 Tex. 462, 84 S. W. 1052; Ft. W. & R. G. Ry. Co. v. Morris, 45 Tex. Civ. App. 596, 101 S. W. 1038; T. & N. O. Ry. Co. v. McCraw, 43 Tex. Civ. App. 253, 95 S. W. 82; M., K. & T. Ry. Co. v. Nesbitt, 40 Tex. Civ. App. 209, 88 S. W. 891; Stamford Oil Mill v. Barnes, 55 Tex. Civ. App. 420, 119 S. W. 872; Abilene Light & Water Co. v. Robinson, 131 S. W. 99; Huggins v. Carey, 149 S. W. 390, decided by this court April 20, 1912, and not yet officially reported.

[4] There was no error in the court's refusal to give appellant's requested special charge No. 4, as the instruction given by the court upon the issue embraced in the requested instruction was sufficient.

The assignment in which complaint is made of certain language used by counsel for appellee in his closing argument to the jury will not be discussed, as it is not likely the same argument will be used upon another trial.

For the error noted, the judgment is reversed, and the cause remanded.