## INTERNATIONAL–GREAT NORTHERN R. CO. v. KING.

### No. 1481—5738.

Commission of Appeals of Texas, Section A.
July 22, 1931.

Andrews, Streetman, Logue & Mobley and Wolters, Blanchard, Woodul & Pressler, all of Houston, for plaintiff in error.

Fulbright, Crooker & Freeman, T. H. Cody, and John H. Crooker, all of Houston, for defendant in error.

SHARP, J.

Joseph King instituted this suit in the district court of Harris county against the International-Great Northern Railroad Company for damages sustained by reason of the negligence of the railroad company while in its employment, and recovered a judgment in the sum of $38,500. An appeal was made to the Court of Civil Appeals at Galveston by the International-Great Northern Railroad Company. By a majority opinion of the members of that court, it was held that there was no evidence to support the award of $2,000, and the court reversed and rendered in favor of the International-Great Northern Railroad Company as to the item of $2,000, and affirmed the sum of $36,500 in favor of King. Chief Justice Pleasants dissented. For brevity, we refer to the opinion rendered by the majority members of the Court of Civil Appeals for a more detailed statement of the facts involved in this case. 27 S.W.(2d) 357.

The International-Great Northern Railroad Company applied to the Supreme Court for writ of error which was granted to review the opinion rendered by the majority members of that court.

Plaintiff in error contends that the Court of Civil Appeals erred in holding that the submission by the trial court of special issue No. 16, relating to damages, did not constitute reversible error, and in not holding that the submission of such issue in the form and manner submitted was reversible error, for the reason that such special issue authorized and required of the jury a finding of double damages from the railroad company, and also was calculated to confuse the jury.

Special issue No. 16, submitted to the jury, reads as follows:

"What sum of money, if paid in cash now, will fairly compensate the plaintiff, Joseph King, for injuries, if any, alleged and proven to have been received by him on the occasion in question, taking into consideration exclusively the following elements of damage, if proven to be a proximate result of said injuries, and none other:

"(a) Bodily injuries, if any, physical pain and suffering, if any, and bodily inconvenience suffered by him, if any, from February 22, 1928, down to the date of this trial, and such as you may find he will reasonably and probably suffer in the future, if any.

"(b) Mental anguish suffered by him, if any, from February 22, 1928, down to the date of this trial, and such as you may find he will reasonably suffer in the future, if any.

"(c) The reasonable value of his decreased earning capacity from February 22, 1928, down to the date of this trial, if any.

"(d) The reasonable present value of his diminished capacity to perform labor and services in the future beyond this trial, if any.

"(e) The present value of the services of physicians, nurses, attendants, or other similar help to attend him and to treat him, if any, as you may find to be reasonable and necessary in the future beyond this trial by reason of such injuries.

"You will, answer each of the above items of damage separately, as you may find the facts to be."

To the foregoing questions, the jury answered each one separately, as they were instructed to do, as follows: (a) For bodily and physical injuries, $20,000; (b) for mental anguish, $2,000; (c) for lost time from his injuries down to the trial, $2,500; (d) as the reasonable present value of his diminished earning capacity in the future, beyond the trial, $12,000; and (e) for services of physicians, nurses, attendants, etc., to attend and treat him, $2,000.

Counsel for the International-Great Northern Railroad Company urged objections to the submission by the trial court of the foregoing issue on the grounds that it would permit a double recovery, and that it would tend to confuse the jury in reaching a verdict.

It is a fundamental rule that, where a person or corporation has wrongfully or negligently done an act which in its consequences is injurious to another, he may be held for full compensation caused by his conduct. 13 Tex. Jur., p. 69; 17 C. J. 750.

It is also a cardinal rule that the court should give the jury definite instruc-

tions as to the correct measure of damages applicable to the issues raised by the pleadings and evidence in every particular case, and it is the duty of the jury to be governed thereby. 13 Tex. Jur., pp. 429 and 430.

■ The rule is well recognized in this state that it is improper to authorize a jury to assess double damages for the same loss or injury, and an issue or instruction is erroneous if it authorizes or permits a double recovery. 13 Tex. Jur. p. 442; International & G. N. R. R. v. Butcher, 98 Tex. 462, 84 S. W. 1052; Missouri, K. & T. v. Hannig, 91 Tex. 347, 43 S. W. 508; Texas Cent. Ry. Co. v. Brock, 88 Tex. 310, 31 S. W. 500.

■ It is equally well settled that if an issue or instruction submitted is calculated to confuse and mislead the jury into assessing double damages by inducing them to consider separately things which properly constitute but one element of recovery, it is erroneous. 13 Tex. Jur., pp. 442 and 443. See authorities cited in the notes.

Let us test the facts of this case in the light of the foregoing rules. Special issue No. 16 submitted to the jury five separate distinct elements for recovery, and the trial judge required of the jury that they answer each of the five items of damages separately. This the jury did, and found in answer to item (a) the sum of $20,000; in answer to item (b) the sum of $2,000; in answer to item (c) the sum of $2,500; in answer to item (d) $12,000; and in answer to item (e) the sum of $2,000, making a total of $38,500.

The following authorities sustain the contention that special issue No. 16 permitted a double recovery, or that it was calculated to confuse and mislead the jury. International & G. N. Ry. Co. v. Butcher, 98 Tex. 462, 84 S. W. 1052, 1053; Missouri, K. & T. Ry. Co. v. Nesbit, 40 Tex. Civ. App. 209, 88 S. W. 891, 892; Stamford Oil Co. v. Barnes, 55 Tex. Civ. App. 420, 119 S. W. 872; Texas & N. O. Ry. Co. v. McCraw, 43 Tex. Civ. App. 247, 95 S. W. 82.

In the case of International & G. N. Ry. Co. v. Butcher, supra, the Supreme Court held, in effect, that where in an action for injuries the court charged that the jury should assess compensatory damages for physical and mental suffering endured, and which plaintiff would likely endure in the future, for the probable effect, if any, of the alleged injuries in the future on his health, and for any impairment of his ability to pursue, after he was twenty-one years of age, the course of life he might have done but for his injuries, if any, and for his probable decreased mental and physical capacity to labor after he became of age, such instructions were erroneous, as permitting the jury to assess double damages for the same element. Quoting from the opinion of Judge Brown in that case, he says:

"Error is assigned upon the above paragraph of the court's charge, with this proposition: 'It was error to instruct the jury as shown, because the same was calculated to confuse and mislead the jury into assessing double damages, and more damages than the law allows, and assessing damages more than once for the same thing.'

"The charge submits the following four groups of facts, upon each of which the jury is directed to find damages in plaintiff's favor: First. Physical and mental suffering, past and future. Second. The future effect of the injuries upon Butcher's mental and physical health. Third. For any impairment of his ability or capacity to pursue, after he arrives at his majority, the course of life he might otherwise have followed. Fourth. For decreased physical and mental ability to labor and earn money.

"The injuries which would produce a future effect upon his physical or mental health would necessarily cause the impairment of his ability or capacity to pursue a calling that he otherwise could have pursued, and such physical and mental impairment as would have the effect in the future to prevent Butcher from pursuing any vocation that he might have chosen would decrease his ability to labor and earn money. The elements of the last three propositions are so blended in their effects upon the sufferer that they are not capable of separation so as to admit of distinct compensation. The decreased capacity to labor and earn money would necessarily be a result of the impairment of physical and mental health, and would be embraced in the incapacity to follow the calling he might otherwise have chosen. Incapacity to earn money could result from nothing except physical or mental injury, and would be embraced in incapacity to pursue any desirable vocation."

The case of Missouri, K. & T. Ry. Co. v. Nesbit, supra, in effect, held that the charge, in an action for personal injuries that in case of a finding for plaintiff the jury may consider the physical or mental suffering he has suffered or may suffer, does not assume that plaintiff will inevitably have future physical suffering from injury, and furthermore held in effect that inability to pursue the course in life which plaintiff might have pursued, but for his injuries, falls within the category of diminished capacity to labor and earn money, so that an instruction authorizing damages for both allows the giving of double damages. The trial court, in that case, gave the following instruction to the jury: "You are instructed that in the event you find in favor of the plaintiff in estimating the actual compensatory damages to which he is entitled, you may take into consideration, and award him such a sum of money as will fairly compensate him for, the physical and mental suffering which he has suffered, or may suffer in

the future, and the diminished capacity, if any, to earn money and pursue the course of life which he might otherwise have done after he shall have arrived at the age of 21 years. You must not allow him anything for diminished earning capacity during the period of his minority, for that would belong to his father, if to any one, awarding him as a whole only such a sum of money as the present cash value of which would be actual compensation for the injuries, if any, sustained."

Judge Gill, in rendering the opinion for the court, after reviewing the case of International & G. N. Railway Co. v. Butcher, supra, said: "That it is not an accurate instruction on the measure of damages we have no doubt.".

The case of Texas & N. O. Ry. Co. v. Mc-Craw, 43 Tex. Civ. App. 247, 95 S. W. page 82, 85, involved, among other things, the following charge: "If you determine that plaintiff was injured substantially as alleged by him, and if you find for the plaintiff, then you may consider the nature, extent, and duration of such injury, and whether or not plaintiff has suffered physical or mental pain, and whether or not he will hereafter so suffer, as a result of such injuries; and you may also consider whether or not plaintiff's earning capacity, after he reaches the age of 21 years, will be diminished by reason of such injuries; and you may consider whether or not such injuries will result in inconvenience or risk to plaintiff's general health or life, and, having considered these matters, you will render your verdict for such a sum of money as in your conscientious judgment will fairly compensate plaintiff for such injuries."

Chief Justice James, in discussing the effect of the foregoing charge in the light of the rule announced by the Supreme Court, says: "The rule applied by the Supreme Court in the Butcher and Nesbit Cases is understood to be that a charge is defective, not necessarily because it suggests to the jury the various subjects or elements of damages they may consider, but where it mentions the subjects in such a way and in such a connection as is calculated to lead them to treat items that enter into the same subject as separate and distinct elements of damage. There could be no objection to a charge which authorizes recovery for physical suffering, which in the same connection properly presents and explains the different matters which would come under that head for consideration. So, also, with mental suffering or diminished earning capacity. But when these matters are presented in such a way as to appear to treat them as distinct and independent items of damage, the charge is objectionable. As said in a Kentucky case (Railway v. Nelson, 89 S. W. 202), the court passing upon a charge: 'It directed the jury, in estimating plaintiff's damages, to segregate such of his injuries as ought to have been considered and estimated under the heads of physical and mental suffering and the permanent impairment of his ability to earn money into special items of damage, and allowed them to estimate the damages for each item, as distinguished from the others and from the damages on account of physical and mental suffering or permanent disability."

Based upon the rule announced by the Supreme Court in the Butcher Case and followed by other courts of this state, special issue No. 16 is incorrect in the following particulars: Both "bodily injuries" and "bodily inconvenience" suffered by plaintiff should not have been submitted, because "bodily injuries" necessarily includes "bodily inconvenience." The court submitted subdivision (a) of issue 16 independent of subdivisions (c) and (d) and authorized a recovery on item (a) separate and distinct of items (c) and (d), which in the form submitted authorized the jury to make a finding permitting plaintiff a double recovery. If the injuries received by plaintiff from his "bodily injuries" or "bodily inconvenience" suffered by him affected him before the trial and would reasonably and probably affect him after the trial and in the future, that would necessarily include the decreased earning capacity either before or after the trial and in the future, and items (a), (c), and (d) in the language of the Supreme Court "are so blended in their effects upon the sufferer that they are not capable of separation so as to admit of distinct compensation."

Furthermore, the items submitted separately, as was done, undoubtedly was calculated to confuse and mislead the jury and cause them to render different sums than they would have rendered if only one item was to be answered. This record conclusively proves this conclusion. The jury found in answer to item (e) the sum of $2,000, and the Court of Civil Appeals reversed and rendered judgment as to this item on the ground that it was not supported by any evidence.

In answer to item (c) the jury found the sum of $2,500 in favor of plaintiff for lost time from the date of his injuries down to the trial. The record shows that it was thirteen months from the time plaintiff was injured to the trial; that he averaged less than $1,400 per year in earnings; that in about three months after receiving the injury he did some work and took a show out on the road. It is further shown that he was quite active with the show, going from place to place with it, yet the jury, in the face of this testimony, found that he was entitled to the sum of $2,500 for the reasonable value of his decreased earning capacity from the date of his injuries to the date of the trial, a period of thirteen months. The Court of Civil Appeals did not disturb the finding of the jury to item (c), while intimating that it was large and exces-

sive, yet refrained from doing so on the ground that there was some evidence to sustain the finding.

The issue submitted was erroneous in that it permitted the jury to make answers to each item submitted, which permitted plaintiff to recover double damages. It was a positive erroneous issue in that it was clearly misleading and confusing to the jury by inducing them to consider separately items which properly constituted but one element of recovery.

For the reasons herein stated, we recommend that the judgment of the trial court and the judgment of the Court of Civil Appeals be reversed, and that this cause be remanded to the district court for another trial in accordance with this opinion.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.