Missouri, Kansas & Texas Railway Company of Texas v. William Hannig.

No. 612.—Decided December 20, 1897.

**1. Damages—Evidence—Dependent Wife.**

In a suit for personal injury to plaintiff it was error to admit evidence that he was a married man whose wife had no means of support except her own labor. (P. 349.)

**2. Same—Material Error.**

Such error was not rendered immaterial by the fact that other testimony showed that plaintiff was a laboring man, earning at the time of the injury but a dollar a day, since such proof did not show that he had no other resources. (P. 349.)

**3. Same—Illegal Evidence—When Ground for Reversal.**

In order to hold that error in admitting illegal evidence does not require a reversal of the judgment it ought clearly to appear that no injury could have resulted from the admission of the evidence. (P. 350.)

**4. Test of Negligence—"Reasonable Man."**

The conduct of a man of ordinary prudence under all the circumstances of the case is the standard by which the law tests the question of ordinary negligence. The conduct of "a reasonable man" may have a different signification, and is an inaccurate expression by which to define negligence. (P. 350.)

**5. Damages—Charge.**

An instruction that in assessing damages the jury should consider the plaintiff's "personal injury," his "pain and suffering" in consequence of his injuries, and "the permanent injury" sustained by him is confusing and liable to induce the giving of damages twice for the same loss. (P. 350.)

**6. Master and Servant—Risks Assumed.**

The servant has the right to rely upon the assumption that the machinery, tools, and appliances with which he is called upon to work are reasonably safe, and that the business is conducted in a reasonably safe manner. He is not required to use ordinary care to see whether this has been done or not. He does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks, or, in the ordinary discharge of his own duty, must necessarily have acquired the knowledge. (P. 351.)

**7. Same—Charges.**

See charge as to assumption of risks in matters open and patent to common observation, held erroneous as applied to a case of a laborer unloading switch points, who suffered hernia from handling a weight in which he expected assistance from the foreman. (P. 350.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Clay County.

Hannig sued the railway company for personal injuries, and recovered a judgment which was affirmed on appeal by defendant who thereupon obtained writ of error.

*Eldridge & Gardner*, for plaintiff in error.—The court should give to the jury a correct definition of negligence in order for them to form a correct conclusion on the facts in rendering their verdict. The definition given by the court in its charge is incorrect as a proposition of law. Railway v. Beatty, 73 Texas, 596; Railway v. Finley, 79 Texas, 88; City of Austin v. Ritz, 72 Texas, 402.

The charge of the court should be given in plain and unmistakable language, and in language such as the jury can understand, and not be misled thereby. To instruct the jury to find for personal injuries, and also for permanent injuries, is calculated to lead them to believe that they must allow separate amounts for both when the one in fact includes the other.

It is error to admit immaterial testimony before the jury which is calculated to excite the sympathy of the jury. The idea of a man having a wife and two children without any means of support is calculated to excite the sympathy of the jury in favor of plaintiff as much as, if not more than, any other kind of irrelevant and immaterial testimony. Railway v. Douglas, 69 Texas, 697; Patterson, Railway Accident Law, 432; Railway v. Roy, 102 U. S., 451; Railway v. Harrington, 62 Texas, 601; Railway v. Kindred, 57 Texas, 498; Railway v. Lyde, 57 Texas, 505.

*L. C. Barrett*, for defendant in error.—Plaintiff had the right to prove his circumstances, the condition in which he was left to make a living or get subsistence, and his incentives to earn money. Railway v. Cowser, 57 Texas, 304; Brunswig v. White, 8 S. W. Rep., 88.

If the evidence complained of was improperly admitted, the record does not show and appellant has not shown that it injured it. Ins. Co. v. Ende, 65 Texas, 118; Dillingham v. Richards, 27 S. W. Rep., 1061.

The court erred in giving the fourth special charge asked by defendant, because it made too prominent the matter mentioned in said charge, the court having given to the jury a charge covering the same point in the eighth paragraph of his general charge to the jury.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendant in error against the plaintiff in error to recover damages for personal injuries. The conclusions of fact found by the Court of Civil Appeals indicate in a general way the issues made upon the trial, and are as follows: "On March 18, 1896, the appellee was a section hand in the employment of the appellant. He was under the directions of William Newman, as a vice-principal. He was engaged with three others, William Newman, the foreman, J. K. Dean, and Henry Bachman, the last two his fellow servants, in unloading some switch points from one of appellant's cars. These switch points were heavy, and the strength of four men was required to lift them. The appellee and William Newman were at one end of the switch points, and Dean and Bachman

at the other. Newman ordered the appellee to seize and help him lift the end of the fourth and last switch point, indicating to the plaintiff and inducing him to believe that he would be assisted by the foreman in lifting it. Newman, however, negligently failed to render the assistance, and the entire weight of the switch point was thus cast upon the appellee, from which, as a proximate result of the negligence of Newman, he sustained injury consisting in inguinal hernia. For this injury he recovered in this suit a verdict and judgment in the sum of $1200, not complained of as excessive."

During the progress of the trial, the plaintiff, being upon the stand as a witness in his own behalf, was asked to state whether or not he was a married man. The defendant by counsel objected to the question, and his objection was overruled, whereupon the witness answered, that he had a wife. The witness also was permitted to answer over the objection of the defendant, that his wife had no means of support except her own labor. The ruling of the court in admitting this testimony was assigned as error in the Court of Civil Appeals and is also assigned in this court. The Court of Civil Appeals held that the admission of the evidence was error, but concluded that the error was harmless. We concur in their ruling, that so much of the testimony as merely showed that he had a wife was not injurious to the defendant, from the fact that the wife was a witness in the case, and the jury must therefore have known that the plaintiff had a wife. But we cannot agree that the mere fact that the plaintiff was a laboring man and was earning at the time of the accident but a dollar per day, showed that he had no other resources. In the case of the Missouri Pacific Railroad Company against Lyde (57 Texas, 505), the court say: "Whatever may be the rule in cases of slander and breach of promise of marriage, yet in this character of case, where the suit is by the party himself for injuries received, although the plaintiff may show the nature of his business and the value of his services in conducting it, as a ground for estimating damages, yet his wealth or poverty is an immaterial issue, calculated to unduly influence the verdict." The same rule was applied in the case of the Texas & Pacific Railway Co. against Harrington, 62 Texas, 597. There the court say: "That evidence was not admissible in this case, and was calculated to prejudice the rights of appellant. * * * As this evidence was improperly admitted over the objections of appellant, properly interposed, and as it cannot be determined that appellant was not injured thereby, the judgment ought to be reversed." There the wife and children were suing for damages for injuries resulting in the death of the husband and father. The court place their ruling upon the ground, that the husband was bound to support the wife and children, and that therefore the question of their wealth or poverty could not affect the amount of the recovery. The evidence in question in this case threw no light upon any issue properly involved in it, and was calculated solely to awaken the sympathy of the jury and thereby to swell the damages to be

awarded by the verdict.   Counsel for the plaintiff evidently thought it would have some effect in plaintiff's favor, else he would not have insisted upon its admission over the objection urged on part of the defendant.   The true rule is, that in such a case, in order to hold that the error does not require a reversal of the judgment, it ought clearly to appear that no injury could have resulted from the admission of the evidence. Since it does not so appear with reference to the testimony in question, the judgment must be set aside and a new trial awarded.

It is also complained, that the court in its charge erred in defining negligence.   The definition in question is as follows:   "Negligence is the omission to do something which a reasonable man guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a reasonable and prudent man would not do."   The conduct of a man of ordinary prudence under all the circumstances of the case, is the standard by which the law tests the question of ordinary negligence.   "A reasonably prudent man" may mean the same as "an ordinarily prudent man."   But a different signification may be attached to the words "a reasonable man."   A man may possess ordinary reasoning powers, and yet he may have less caution than a man of ordinary prudence.   The definition is not accurate and we incline to think it erroneous.

Again, it seems to us that the charge of the court upon the measure of damages may be subject to the criticism made upon it in the plaintiff in error's assignment.   To charge, that in assessing the damages they should consider the plaintiff's "personal injury," his "pain and suffering" in consequence of his injuries and "the permanent injury sustained by him," is we think calculated to confuse the jury and to induce them to give damages twice for the same loss.

We think the other assignments of error on part of the plaintiff in error were correctly disposed of in the opinion of the Court of Civil Appeals.

Since the case is to be reversed, it is proper to pass upon a cross-assignment of error made in the court of Civil Appeals by the appellee —the defendant in error in this court.   He complains that the court erred in giving the following charge at the request of the defendant: "If you find from the evidence that it was part of the duty of the plaintiff and his colaborers to unload switch points, and the number of men to handle the same and the danger incident to handling same was a matter open and patent to the common observation, and the plaintiff could have known these facts by the use of ordinary care, and no act of negligence on the part of defendant's foreman, Wm. Newman, contributed to said injury, he assumed the risk incident to his employment and cannot recover; and if you so find you will find for defendant."   The ground of complaint is, that the instruction is a practical repetition of one paragraph in the main charge.   This may not occur upon another trial and is hardly a matter which requires consideration at our hands at this stage of the proceedings.   However, in view of another trial we

deem it proper to say, that both the charges in question embody a proposition in law which is not correct. We understand the law to be that when the servant enters the employment of the master, he has the right to rely upon the assumption that the machinery, tools and appliances with which he is called upon to work are reasonably safe and that the business is conducted in a reasonably safe manner. He is not required to use ordinary care to see whether this has been done or not. He does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks or in the ordinary discharge of his own duty must necessarily have acquired the knowledge. Bonnet v. Railway Company, 89 Texas, 72; Railway v. Bingle, ante p. 287.

For the error of the trial court in admitting testimony that the wife had no resources except the labor of her husband, the plaintiff, the judgment of that court and that of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*