JOHN ENGLISH v. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY.

Decided October 11, 1899.

**1. Charge of Court—Definition of Negligence.**
A charge that "negligence on the part of defendant railway company is the want of such care and prudence as persons skilled in that business observe under similar circumstances," is erroneous, as substituting "skilled persons" for "a man of ordinary prudence."

**2. Same—Ordinary Care.**
A charge that "want of ordinary care on the part of plaintiff is the absence of such care and prudence as ordinary persons skilled in the business he was engaged in ordinarily observe under similar circumstances," imposes upon plaintiff, in the use of the word "skilled," a greater degree of care than the law requires.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Lovejoy, Sampson & Malevinsky* and *Wheeler & Rhodes,* for appellant.

*Mott & Armstrong,* for appellee.

NEILL, ASSOCIATE JUSTICE.—Action by appellant against appellee for damages resulting from personal injuries occasioned by the alleged negligence of the latter in failing to provide and maintain a light at or near a certain switch where the former was engaged in uncoupling appellee's cars. Defendant pleaded not guilty, contributory negligence, and that plaintiff's injuries resulted from the risk assumed by him and incident to his employment. The trial of the case resulted in a verdict and judgment for defendant.

*Reasons for Reversal.*—The first and second paragraphs of the charge were as follows:

"Negligence on the part of defendant company is the want of such care and prudence as persons skilled in that business observe under similar circumstances.

"Want of ordinary care on the part of the plaintiff, English, is the absence of such care as ordinary persons skilled in the business he was engaged in, ordinarily observe under similar circumstances."

Each is assigned as error. Appellant's contention is that the first fur-

nished no criterion to the jury to determine whether the railroad was guilty of negligence; and the second, none by which to determine whether the appellee was guilty of contributory negligence.

The conduct of a man of ordinary prudence under all the circumstances of the case is the standard by which the law tests the question of ordinary negligence. Railway v. Hannig, 91 Texas, 347. The part of the charge complained of makes the conduct of a person skilled, etc., the test by which to determine negligence, instead of the conduct of a person of ordinary prudence. In the case of Railway v. Hannig, supra, the definition of negligence given by the trial court was as follows: "Negligence is the omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a reasonable and prudent man would not do." The Supreme Court, after stating the standard by which the law tests the question of ordinary negligence, makes the following criticism on the definition: " 'A reasonably prudent man' may mean the same as 'an ordinarily prudent man.' But a different signification may be attached to the words a 'reasonable man.' A man may possess ordinary reasoning powers, and yet he may have less caution than a man of ordinary prudence."

There may be a great difference between the care of a man of ordinary prudence and in that of one skilled in a particular business. One skilled in a business may, relying on his skill, take risks that an ordinarily prudent man would not, or his skill might warn him of a peril and prevent him from incurring a danger which an ordinary prudent person would not realize. In other words, such care and prudence as a person skilled in a certain business would observe might be greater or less than a man of ordinary prudence would exercise in the same vocation. If greater, the appellant was not prejudiced by the first paragraph, but if less, he might have been.

From the second paragraph, the inference is clear that ordinary care on the part of plaintiff would be such as ordinary persons skilled in the business in which he was engaged would ordinarily observe under similar circumstances, and that the absence of such care would be negligence on his part. The meaning of "ordinary care" as used in subsequent parts of the charge can only be ascertained from a reference to the paragraph quoted. As such care might be greater than the law imposes, and the absence of it would, if it proximately contributed to plaintiff's injury, be such negligence as would preclude his recovery, it can not be said that the error in the charge did not affect the jury in finding the verdict.

We do not believe the other assignments of error well taken.

For reason of the errors indicated, the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*