## TEXAS PORTLAND CEMENT COMPANY v. R. L. POE.

Decided May 16, 1903.

**1.—Assumed Risk—Master and Servant.**

A charge that "plaintiff assumed, by virtue of his employment, only the risk of such secret latent defects in the appliances furnished him by the defendant master as could not have been discovered by the defendant by the use of ordinary diligence," was erroneous as excluding the risks from such defects as were open and obvious, and of which he had knowledge, or should, in the performance of his duties, necessarily have acquired knowledge.

**2.—Personal Injury—Issue Raised—Charge Required.**

There being some evidence to show that plaintiff's injury was not caused

by a defect in the ties, but by his stepping between the ties, it was error for the court to refuse a charge submitting that issue.

**3.—Same—Neglect Aggravating Injury.**

If plaintiff failed to use ordinary care to treat his injuries or have them treated, and by reason of such failure they were aggravated, he could not recover for the increased injury resulting from such failure, and the court should have so charged upon evidence raising the issue of such a failure.

Appeal from the County Court of Dallas. Tried below before Hon. F. D. Cosby.

*Etheridge & Baker,* for appellant.

*Simpson & Seay,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted in the County Court of Dallas County, Texas, by R. L. Poe against appellant for alleged personal injuries sustained by plaintiff on December 23, 1901, while in the employ of appellant, the amount sued for being $1000. Plaintiff's case was predicated upon the alleged negligence of defendant in permitting the car track belonging to it to become and remain in an unsafe condition, whereby one of the ties upon a trestle of said track spread, allowing plaintiff's leg to slip between the ties and causing his injuries. Plaintiff recovered judgment for $400. Appellant filed a motion for new trial, which was thereafter overruled, and has duly perfected this appeal.

1. It is contended that the court erred in its general charge to the jury in charging them as follows: "That the plaintiff assumed, by virtue of his employment, only the risk of such secret latent defects in the appliances furnished him by the defendant as could not have been discovered by the defendant by the use of ordinary diligence." This charge is error. The plaintiff, when he entered the employment of defendant, assumed all risk arising from such defects in the track and appliances furnished him for the performance of his work as were open and obvious and of which he had knowledge, or should, in the performance of his duties, necessarily have acquired knowledge. Railway v. Hannig, 91 Texas, 347. The charge eliminates such risk from the consideration of the jury, and instructs them that plaintiff assumed only the risk of such latent defects in the appliances as defendant could not have discovered by the use of ordinary diligence. One of the contentions of appellant in the trial court was that if there were any defects in the track the same were open and obvious, and plaintiff had knowledge of the danger of working upon such defective track, and assumed the risk of so doing. There was some evidence tending to support this contention.

2. The following special charge was requested by defendant: "You are instructed that if, from the evidence, you believe that the plaintiff sustained injury because of his stepping in between the ties, you will

return a verdict for the defendant." This charge was refused, and its refusal is assigned as error. The defendant contended in the trial court that there was no defect in the track, but that plaintiff's injuries were the result of his stepping in between the ties. The court did not submit this issue to the jury. There was some evidence tending to support this defense, and the defendant was entitled to have the same affirmatively submitted in a proper charge.

3. It is insisted that the court erred in refusing the special charge requested by defendant reading: "You are instructed that in no event can the plaintiff recover for injuries he may have sustained by any failure on his part to use due care in the matter of treating or having treated, the original injury sustained by him." There was evidence sufficient to raise the issue as to whether plaintiff had used ordinary care in having his injury properly treated. It was contended by appellant that the original injury was slight, and that the same was increased by reason of plaintiff's own negligence in not using due care in treating or having treated said original injury. If plaintiff failed to use ordinary care to treat, or have treated, his injuries, and by reason of such failure the same were aggravated or increased, he could not recover from defendant damages for the increased injury resulting from his failure to use ordinary care under all the circumstances to have the same treated.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*