INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY ET AL. v. DAN MEEHAN.

Decided May 12, 1910.

**1.—Negligence—Locomotive Tender—Manhole—Evidence.**

Evidence considered and held sufficient to support a finding that a railroad company was negligent in the construction and maintenance of the lid to a manhole on the tender of a locomotive, whereby an employe was caused to fall into the man-hole and injure himself, and that such negligence was the proximate cause of said injuries, and that the employe was not guilty of contributory negligence, and did not assume the risk of the injuries received by him.

**2.—Charge—Dangers of Service—Assumed Risk.**

The charge of the court must be construed as a whole. In a suit by an employe against a railroad company for damages for personal injuries, charge considered, and held when considered as a whole not subject to the objection that it in effect instructed the jury that plaintiff did not assume the risks ordinarily incident to the service in which he was engaged if a person of ordinary care with knowledge of such dangers would have continued therein.

**3.—Master and Servant—Assumed Risk—Negligence of Master.**

The negligence of the master is never a risk assumed by the servant as one ordinarily incident to the service.

**4.—Negligence—Pleading—Charge.**

Plaintiff's petition charged that while he was in the discharge of his duty upon the tender of a locomotive, the locomotive was suddenly moved causing him to lose his balance, and in trying to recover himself he placed his foot upon the lid of a man-hole; that the lid was defective and slipped from its position, whereby he fell into the man-hole and was injured; the court charged the jury that the only issue of negligence submitted for their determination was whether the lid to the manhole was in a reasonably safe condition. Held, that while the charge did withdraw the issue of negligence in moving the engine, it did not, when rightly construed, withdraw the issue of fact as to the movement, but required the jury to find that fact before they could find for the plaintiff; and also that the withdrawal of the issue was not injurious to the defendant.

**5.—Same.**

In an action for damages for personal injuries, charge considered and held, when read and construed as a whole, not subject to the objections that it ignored and excluded the issue of contributory negligence, and that its several paragraphs were contradictions.

Appeal from the District Court of Anderson County. Tried below before Hon. B. H. Gardner.

*King & Morris,* for appellants.—The court erred in the fourteenth paragraph of its charge to the jury which reads as follows:—"The only alleged ground of negligence set up by plaintiff against defendants which you will consider is, that the lid to the man-hole was not in a reasonably safe condition, and to that ground alone must your inquiry be confined, but this does not exclude from your consideration the issues of assumed risk and contributory negligence as pleaded by defendants." San Antonio & A. P. Ry. Co. v. Trigo, 101 S. W., 254; Evans v. Sabine & E. T. Ry. Co., 18 S. W., 493; San Antonio & A. P. Ry. Co. v. Stevens, 37 Texas Civ. App., 80; Rose v. Gulf, C. & S. F. Ry. Co. 17 S. W., 789; Texas & P. Ry. Co. v. Doherty, 15 S. W., 44; Ragley Lumber Co. v. Goldsmith, 66 S. W., 581; Herbert v. Wiggins Ferry Co. 80 S. W., 978; Madin v. Norcross Bros. Co., 98 N. Y. Supp., 223; McGough v. Bates, 42 Atl., 873; American Bridge Co. v. Seeds, 144 Fed. 605.

The court erred in submitting to the jury paragraph eight of its charge in connection with paragraph fourteen of its charge to the jury, in this: Said paragraphs are contradictory and in conflict with each other and the jury could not possibly understand the instructions given, and the meaning of the court's charge by said conflict rendered incomprehensible. Baker v. Ashe, 80 Texas, 356; Kraus v. Haas, 6 Texas Civ. App., 665; Edwards v. Dickson, 27 S. W., 718; Galveston, H. & S. A. Ry. Co. v. Gormley, 27 S. W., 1051; Burnett v. Lambach, 39 S. W., 1015; Missouri, K. & T. Ry. Co. v. Woods, 25 S. W., 741; Texas Cen. Ry. Co. v. Waldie, 101 S. W., 517.

*Thos. B. Greenwood* and *A. G. Greenwood,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellee against appellant, railroad company, and the receiver of said company, T. J. Freeman, to recover damages for personal injuries. The petition alleges that while plaintiff, an employee of the defendant company, was in the careful performance of the duties of his employment on the top of the tank of an engine, where he had gone to inspect its supply of water, said engine, or another to which it was coupled, was suddenly moved, through defendant's negligence, without fault on plaintiff's part or his doing anything to cause said movement, throwing plaintiff somewhat out of balance and causing one of his feet to step on a lid over a man-hole, which, on account of being in a dangerous, unsafe and defective condition, caused by the negligence of defendant company, tilted or slipped out of place, throwing plaintiff with great violence onto said lid, and into said man-hole, rupturing his uretha, and causing him other personal injuries. That said injuries were proximately caused by the negligence of defendant company in furnishing him an engine equipped with a dangerous and unsafe lid over the man-hole thereof, and permitting said engine to be suddenly moved without warning.

The defendants answered by general and special exceptions, general denial, and pleas of contributory negligence and assumed risk.

The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for $9,000.

The evidence shows that the man-hole in which plaintiff fell and received his injuries was a circular hole about twenty-two inches in diameter, on the rear end of a locomotive tender. Water for the locomotive is received into the tender through the man-hole. The circular rim of the man-hole extends above the deck or top of the tender, ten or twelve inches. The man-hole is covered with an iron lid, and one purpose of placing the lid on the man-hole is to make same safe for employees on the tender to go over the man-hole, and to prevent injury to employees while engaged in work about the man-hole; and every employee working on an engine has his weight frequently thrown on the lid. The lid is a circular piece of iron covering the man-hole and extending beyond its rim about a quarter of an inch. In order for the lid to be safe it must be fastened in some way to, or in the man-hole, so it will bear a man's weight without slipping or sliding. The lid may be fastened by means of hinges, or it may be kept securely in place by means of a wooden plate, an inch and a half to two inches thick, on the inner side of the lid and bolted to it, which wooden plate exactly fits inside the rim of the man-hole.

On February 3, 1908, appellee mounted the tender of a certain switch engine, and raised the lid from the man-hole to inspect the water supply, in accordance with his duty as a hostler in the employ of the appellant company, and properly replaced the lid over the man-hole, and was still bent over the lid when the engine and tender, which were coupled to another engine, were suddenly moved, throwing appellee out of balance and causing one of his feet to step on the lid which slipped or tilted out of place, throwing him with great force into the man-hole astride the lid, rupturing his urethra and

inflicting the injuries upon him described in his petition. No one witnessed the injury to appellee. He testified as follows:

"There were no fastenings under this lid, and if they had not been absent the lid would have been perfectly safe. It could not have been moved if they had been there. There are different kinds of lids, but no matter what kind is used, the lid should be able to bear a man's weight without sliding over. A man may step on a defective lid not knowing that it was not all right, and the least pressure on it will cause it to slip. When the engine bumped back, I was forced to step on that, and that caused it to turn up. When I placed it back on the man-hole I thought it was in safe condition. I did not see the bottom part of the lid. I placed it back flat, and before I could recover to my full height in a standing position, I was forced to step on it. It turned up when I did so and one foot went down in the man-hole. The lid of the man-hole was defective because there was no wood on the bottom to hold it in position. There was nothing there to hold it in place. The wood was to keep the lid in place, and I did not see any at all on the bottom of that lid; I barely glanced at it, however. I saw four bolts there, which is about as many as is necessary to hold the wood. There was nothing on the bottom of the lid to furnish protection except those four bolts, and they were so far in that it left a loose space on the sides, giving the lid room to move, so that when I stepped on it, it was loose and turned up with my weight. . . . There were some tools on the deck. I did not fall over any of them. I did not step into the man-hole purposely. The deck measured probably six feet from front to back. I never walk around a man-hole. I always step on it when it is necessary. That was customary and we always did it. However, I did not intend to step on it at the particular time that I was hurt. They are intended to be walked on. The lid or the floor of the deck, either one, will do for walking. One ought to be just as good as the other. I did not know that there was any difference at that time. . . . It showed to be perfectly safe from the top. The lid was not safe, even when properly replaced on the man-hole. . . . The engines moved back, but I can not say how far they moved. There was a sudden jar, as if they were coupled or uncoupled. I stepped on the man-hole lid with my right foot. One of those lids can be moved with the least little thing if there is nothing to hold it in place. Whether or not it was properly placed on the man-hole had nothing to do with it. The reason of that is the absence of the pieces that should be on the bottom side to keep it in place."

This evidence sustains the conclusion that appellant was negligent in failing to provide a reasonably safe lid or cover for the man-hole in which appellee fell, and that such negligence was the proximate cause of appellee's injuries, and we so find.

We further find that appellee was not guilty of contributory negligence, that he did not assume the risk of the injuries received by him, and that he has sustained damages by reason of said injuries in the amount found by the jury.

The first and second assignments of error, which are presented to-

gether, complain of the following paragraphs of the court's charge to the jury.

"An employee of a railroad company is held in law to assume such risks as are ordinarily incident to the service he is employed to perform, and such others as he knows of, or must necessarily have known of in the ordinary discharge of the duties of his service; provided, that, where a person of ordinary care would have continued in the service with knowledge of the defects and danger, then he is not held to have assumed the risk of such defects and danger, and risks arising from negligence of the railroad company are not assumed by the employee unless he knows of them, or must necessarily have known of them in the ordinary discharge of his service, and until then he has a right to assume that risks arising from such negligence do not exist. . . .

"If you believe from the evidence that plaintiff's alleged injury was the result of a risk ordinarily incident to the service in which he was engaged, or that it resulted to him from a risk that was known to him, or must necessarily have been known to him in the ordinary discharge of the duties of his service, and that a person of ordinary care would not have continued in the service with knowledge of the defect and danger, then you will find for the defendant on the issue of assumed risk."

The first objection urged to these paragraphs of the charge is, that they in effect instruct the jury that appellee did not assume the risk ordinarily incident to the service in which he was engaged, if a person of ordinary care with knowledge of the dangers ordinarily incident to the service would have continued therein.

These charges standing alone might be susceptible to the construction placed upon them by appellant, but when the charge is considered as a whole, it is clear that the court did not instruct the jury that appellee could recover if his injuries were due to risks ordinarily incident to the service, if a person of ordinary prudence with knowledge of such risks would have continued in the service. In paragraphs seven and eight of the charge plaintiff's right to recover is made to depend upon whether the defendant was guilty of negligence in failing to provide a reasonably safe lid for the man-hole, and in paragraph nine the jury are expressly told that unless the plaintiff has by a preponderance of the evidence, established such negligence on the part of the defendant he can not recover.

Taking the charge as a whole, the jury could not have understood therefrom that they might find for the plaintiff if his injuries were due to a risk ordinarily incident to the service, provided a man of ordinary prudence would have continued in the service with knowledge of such risk, but must have found their verdict upon the negligence of the defendant, and such negligence is never a risk assumed by the servant as "one ordinarily incident to the service." Texas & N. O. Ry. Co. v. Kelly, 98 Texas, 137; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Adams v. Gulf, C. & S. F. Ry. Co. 101 Texas, 5.

In applying the law to the issue of the assumption by the servant of the risk of defects and dangers known to him, the charge is cor-

rect. Rice & Lyon v. Lewis, 59 Texas Civ. App., (125 S. W., 961);
Houston & T. C. Ry. Co. v. Alexander, 102 Texas, 497.

The third assignment complains of the paragraph of the court's
charge in which they are told that the only issue of negligence on
the part of defendant submitted for their determination was whether
the lid to the man-hole was in a reasonably safe condition. The ob-
jections to this charge are presented by the following propositions:

"The issues of negligence raised by the pleadings and evidence in
this case were the alleged negligence of defendants in suddenly mov-
ing the engine which appellee was upon for the purpose of inspecting
the water, which sudden movement of the engine caused appellee to
lose his balance and step upon the lid to the man-hole, causing same,
because of its defective condition, to tilt and permit him to partially
fall into said man-hole, thereby injuring him. The allegations of the
petition and the evidence adduced upon the trial, show that the dif-
ferent causes of the injury to appellee were concurring causes, and
the injury would not have happened in the absence of one or the
other cause. It was error, therefore, for the trial court to submit to
the jury, as is done in the paragraph of the court's charge complained
of, as a ground for recovery the issue alone of the negligence of the
defendants in not having the lid to the man-hole in a reasonably
safe condition.

"Plaintiff could not recover except upon the case made by the evi-
dence, and where the undisputed evidence shows, as it does in this
case, that the injury would not have been sustained without the sud-
den movement of the engine which he was upon, it was error for the
court to instruct the jury that the plaintiff could recover on the sole
issue that the lid to the man-hole was defective, because such an in-
struction permits the plaintiff to recover upon a cause not made by the
evidence and contrary to the evidence."

There is no merit in these objections to the charge. In withdraw-
ing from the jury the issue of negligence on the part of defendant
in the sudden movement of the engine, the court did not withdraw
the issue as to whether such movement was in fact made, but on the
contrary, required the jury, before they could find for the plaintiff,
to find that such movement of the engine was made and that by
such movement, plaintiff was thrown out of his balance and caused
to step or fall upon the lid of the man-hole, and that by reason of
the defective condition of said lid, plaintiff was injured as alleged.
The facts submitted to the jury as a predicate for recovery by plain-
tiff are identical with those alleged in the petition, and the instruc-
tion that a finding of negligence could not be based upon the sud-
den movement of the engine was certainly not injurious to appellant.

There is no conflict between the paragraph of the charge instruc-
ting the jury that issue of negligence did not arise from the sudden
movement of the engine, and the paragraph in which the fact of
such movement is required in order to entitle plaintiff to recover, and
the fourth assignment of error attacking the charge on this ground
can not be sustained.

Our conclusions of fact, before set out, dispose of the fifth assign-
ment of error which complains of the verdict on the ground that it

is not supported by the evidence, and is against the great weight and preponderance of the evidence. The evidence was conflicting upon some of the material issues in the case, but we can not say that the verdict is against the great weight and preponderance of the evidence upon any of these issues.

The sixth assignment complains of the following paragraph of the charge: "The mere fact that another person concurs or co-operates in producing an injury to an employe or contributes thereto in any degree, will not relieve the railroad company from liability for consequences of negligence upon its part, if such negligence is a proximate cause of the injury, that is, such an efficient cause as that the injury would not have happened but from such negligence, and from which an injury might reasonably have been anticipated as a natural and probable result."

The objections urged to this paragraph of the charge, are first, that it ignores and excludes the issue of contributory negligence; and second, that it is in conflict with the paragraph of the charge submitting the issue of contributory negligence. Neither of these objections are valid. The charge must be read and construed as a whole, and when this charge is so read and construed, the jury could not possibly have understood from the paragraph complained of under this assignment, read in connection with the paragraph submitting the issue of contributory negligence, that plaintiff could recover if his own negligence combined with that of the defendant in causing the injury; nor are the two paragraphs of the charge at all conflicting, the one qualifies and supplements the other and any person of average intelligence must have so understood said instructions.

We find no error in the record, and the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.