## INTERNATIONAL TRAVELERS' ASS'N v. KEISLER. (No. 9283.)

Court of Civil Appeals of Texas. Galveston. March 28, 1929.

Seay, Seay, Malone & Lipscomb, of Dallas, and Dean & Humphrey, of Huntsville, for appellant.

Gates & Cox, of Huntsville, for appellee.

GRAVES, J. The appeal is from a $300 judgment in appellee's favor, pursuant to the disability from accidental injury article of a policy of insurance. appellant had issued to him, as for two successive 30-day periods of time lost from his occupation—the first total at $200, the second partial at $100—resulting from an infection of his finger alleged to have been effected through accidental means; this recovery was entered upon a jury's verdict in response to special issues, finding:

(1) That the premium finally due on the policy at the company's office in Dallas at 9 a. m. on November 16, 1926, had been received there before that time.

(2) That such premium had already been so received by appellant at Dallas when the appellee was stricken with an infection in his finger on November 18, 1926.

(3) That the appellee was totally disabled for 30 days from November 18, 1926, and partially disabled for an additional time of like duration.

By the terms of the policy this premium matured November 1, 1926, with 14 days of grace, becoming finally due at 9 o'clock a. m., standard time, of November 16th at the company's Dallas office, and failure to so pay it forfeited the insurance, subject to a reinstatement right elsewhere therein provided for, to the effect that, if default in such payment within the time specified were made, the subsequent acceptance of the premium by the company should reinstate the policy, but only to cover accidental injuries sustained after 12 o'clock noon, standard time, of the date of such acceptance.

Under the facts here, all other features were eliminated, and the only issue involved was whether the quarterly premium of $17 was paid by the appellee and received by the appellant at its home office in Dallas, Tex., before 9 o'clock a. m. of November 16, 1926.

Appellant earnestly insists that the evidence was insufficient to support the jury's affirmative finding on the question in response to special issue No. 1, and we sustain that contention and reverse the judgment.

■ Both the appellee and his son testified that on Sunday, the day before November 15, 1926, the father, on leaving home for several days' absence, had directed the son to write for him and send appellant his check for this premium, which the son further said he had done on Monday morning of November 15th just after 8 o'clock, sending it to the post office at Huntsville for mailing by the boy that worked in their shop, adding, however, that he neither saw the boy go into the post office nor deposit the check in the mail; so that neither appellee nor his son were in position to know when it was mailed in Huntsville or received in Dallas, nor did either claim to; the boy so intrusted with it was not produced as a witness.

As against this failure of any testimony as to the actual mailing, appellant's officers, testifying from a double-checking system of detailed records they kept for each policyholder, swore that the check referred to, signed for the appellee by his son and bearing date of November 15, 1926, was received at its office in Dallas on November 23d and that on the same day they mailed appellee a receipt for it; they produced the check itself, with its indorsements which showed that it passed through the Dallas bank on November 24th, one at Houston on November 26th, and was paid by appellee's bank at Huntsville on November 27th. They also testified that it was appellant's invariable custom to deposit in bank, either the same or the next day, all the premium checks it so received, and that its records reflected that to have been done in this instance.

In this state of the evidence, the finding cannot be permitted to stand.

It is true a postal clerk in the Huntsville post office testified that he had known the mail schedule from Huntsville to Dallas, and that mail addressed to a firm in Dallas, "if mailed in Huntsville on the morning of the 15th of November, and no mishap occurred, would reach Dallas about 7:20 on the morning of the 16th, provided the letter is mailed before 10 o'clock in the morning or before 2 o'clock in the afternoon. I don't know anything for sure, but the mail is worked up on the train and should be ready for the carriers when it reaches the Post Office. The Post Office Department at Dallas has mail clerks on the train."

In our opinion, this was admissible for what it was worth, but, there being as pointed out no evidence that this check had been mailed at Huntsville on or before November 15th, it had very little, if any, probative force at all.

■ In view of the reversal, it is deemed unnecessary to pass upon other questions discussed in the briefs, except to say that the testimony relating to the payment and receipt of premiums on policies the witnesses Tom and Mack Ball held with appellant, which transactions were shown to have occurred long after the alleged cause of action in this controversy arose and to have borne no relation to it, was not admissible, because immaterial, irrelevant, and probably susceptible of prejudicial effect. Texas & P. R. Co. v. Harrington, 62 Tex. 597; Eborn v. Zimpelman, 47

Tex. 503, 26 Am. Rep. 315; Missouri, K. & T. R. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508; Halsey v. Bell (Tex. Civ. App.) 62 S. W. 1089; Freeman v. Moreman (Tex. Civ. App.) 146 S. W. 1045; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; American Produce Co. v. Gonzales (Tex. Com. App.) 1 S. W. (2d) 602.

The judgment will be reversed, and the cause remanded.

Reversed and remanded.