**JONES v. JONES.**

**No. 13552.**

Court of Civil Appeals of Texas. Dallas.
June 16, 1944.

Rehearing Denied July 21, 1944.

W. J. Durham, of Dallas, for appellant.

Currie McCutcheon and George W. Allison, both of Dallas, for appellee.

BOND, Chief Justice.

This is a partition suit of community property acquired by appellant and appellee after marriage—subsequently divorced. This dispute involves the cash consideration paid for the real estate. At the time appellant and appellee married, appellant was the owner of a vendor's lien note in excess of the amount of $1,000, which he acquired in December 1934 in settlement of an estate with his former wife, Laura M. Jones.

The pleadings and evidence developed the following facts upon which the rights of the parties depend:

On May 2, 1936, appellant entered into a contract with one Don O. McElveen, owner, for the property, the seller agreeing to build and complete a brick veneer cottage thereon and convey all right, title and interest therein to appellant and his wife, Phoebe Evelyn Jones, for $3,850—$1,000 cash evidenced by transfer of the vendor's lien note, and the balance of $2,850 by executing another note with vendor's lien against the property. On September 10, 1936, in accordance with the contract, appellant transferred the $1,000 note, and he and his wife executed the other $2,850 note to McElveen, and accepted a deed to the property made in the name of "T. D. Jones and wife, Phoebe Evelyn Jones," as grantees, without qualification of the character of the estate therein with reference to community property. On April 14, 1943, in suit between the parties in a District Court of Dallas County, Texas, on cross-action by appellant, divorce was granted; and, in the judgment, the court approved the property rights as between the spouses "to the extent and in the manner" provided in a written agreement of the parties, attaching the agreement as exhibit thereto and made a part thereof. The agreement, as it affects the question here, is as follows:

"Know All Men by These Presents: That we, the undersigned T. D. Jones and Phoebe Evelyn Jones, a single person, are the owners of the following described property located in Dallas, Dallas County, Texas: House and lot located at 3819

Roseland Street in the City of Dallas, said house and lot being subject a mortgage lien and monthly installment påyments. * * It is further agreed by each of us that this agreement shall not be binding on either of us until signed and acknowledged by both parties, and that when so signed, it shall remain in effect until such time as it is mutually agreed that a new arrangement is desirable by both parties. * * *"

On trial of this cause, the parties entered into a further agreement, or stipulation, as follows:

"It is agreed by counsel for the plaintiff and defendant that at the time the property involved herein was purchased that the plaintiff paid the sum of One Thousand Dollars as the initial payment on said property, and that the same came from a note dated December 8th, 1934, from Lura M. Jones to T. D. Jones, and that same was owned prior to the time said property was purchased, and that said sum was accepted by the seller as the initial payment on the purchase price of said property, and we have also agreed that there is an indebtedness now against the property involved in this suit of approximately $1,800.00."

Aside from the above judgment agreement and stipulation, appellee testified that in April 1936, she and her husband had a disagreement resulting in their temporary separation; that thereafter her husband persuaded her to return, come back home, and live with him, saying that if she would do so the $1,000 he had of his separate estate would be put into a home and that they would be on a 50/50 basis therein. She testified that the note involved was never in her possession and that, as far as she knew, she never did see it. She was asked:

"Q. Now, the only specific conversation you and he had about going 50/50 was down at the bus station? A. Going home, and then after that, we never just—this is mine and this is yours.

"Q. That's right; he never did tell you at any time that any specific property was yours, did he? A. We were 50/50 on every thing. * * *

"Q. You said that you never specified any particular piece of property that belonged to you or to him? A. Everything was was 50/50 * * *

"Q. You don't claim any interest in it? A. No more that what he gave me."

Appellant also gave evidence that he owned the $1,000 note before he married appellee, and it was accepted by Mr. McElveen as the initial payment for the property involved; that he intended it to be his separate property invested, and that he at no time gave it to his wife—or any interest therein. On cross-examination he said:

"Q. All right, now then explain to the court why it was that you had the deed made out to you and Phoebe both, if you didn't intend for everything to be 50/50? A. Judge, your honor, in having these papers made out from the transaction, and this note was in the bank, and Stewart Title said they couldn't issue the title that way—that it would always be evidenced from my note but that they couldn't issue the title as I expected it to be because of my former marriage and the trouble I had had, and they said we cant issue the title like I expected it to be issued, but it had to be that way and identified by the note.

"Q. You knew the deed said that the sum of $3,850.00 paid by T. D. Jones and wife, Phoebe Evelyn Jones, as follows: '$850 cash to us in hand paid by the said Jones and wife, Phoebe Evelyn Jones, the receipt of which is hereby acknowledged.' You knew that was in there when you accepted the deed, didn't you? A. Yes, Sir.

"Q. You don't deny that it was in the deed when you accepted it, do you? A. No, sir."

The cause was tried to the court without a jury, and judgment entered finding that plaintiff and defendant were sole owners of and by law entitled to partition and division of the estate—one-half to T. D. Jones and one-half to Phoebe Evelyn Jones, subject to a lien thereon in favor of First Federal Savings & Loan Association; and that the real estate is of the estimated value of $4,000, not susceptible to partition in kind, and should be sold through a receiver appointed by the court; and proceeds of sale, after payment of costs, divided equally between plaintiff and defendant. It will be observed that no mention is made in the judgment of appellant's claim for the $1,000 of his separate property, which he sought to have ingrafted as a lien on the community estate, other than an inference reasonably deduced that same was denied.

▇ This appeal turns upon appellant's contention that the evidence upon which the trial court based its implied finding that

the $1,000 vendor's lien note, admittedly the separate property of appellant, was a gift to the community estate, was both insufficient and incompetent to support the finding. We have very carefully considered this contention, and have concluded that it should be overruled.

Courts of appeal will presume that the trial court found all facts in favor of its judgment to be true, and be bound by such findings, if there is any evidence of probative force in the record to support the same; and the court on appeal will not substitute its opinion, with respect to the credibility of the witnesses and the weight of the evidence, for that of the trial court. In this case the trial court sustained appellee's contention that the deed to the property, without qualification, from McElveen to T. D. Jones and wife, Phoebe Evelyn Jones, conveyed a complete and unconditional full fee simple title to the community, and that appellant intended his $1,000 note to be applied in accordance with the express terms of the deed. Indeed, in absence of intention, the law presumes that where one pays the purchase price of an estate with his separate property, and takes title deed in the name of another, the property invested does not lose its distinctive character. The estate becomes his separate property to the extent of the investment therein—the law presumes a trust in the purchaser. But where the evidence is clear and convincing, although controverted, that the purchaser intended a gift to the community, executed a contract with the seller for conveyance in the name of another, and caused a deed to be executed and delivered manifesting his intention, no presumption prevails other than that he did that which he intended to do. The law does not lightly disregard the delivery of a deed and the recitals therein. The deed is strong presumptive evidence of an intention to pass title in accordance with its recitals. "If the instrument contains no express reservations or conditions, even though it is the grantor's intention that it is not to become operative until the happening of a certain contingency, a delivery is effectual to pass title presently." 14 T.J., p. 824, Par. 61. So, analogous here, in the absence of reservations or conditions, the deed, executed and accepted by the grantees in accordance with their contract and agreement, effectually passed title to them in equal proportions. The presumption prevails that appellant's intention to give the purchased property to the community estate of himself and his wife is, we think, conclusively shown by the acts and deeds of the parties. Any gift from one person to another is usually actuated by some relationship or feeling of kindness; thus all surrounding facts and circumstances showing the state of feeling or affection existing between the donor and donee at the time, and even after the transaction, are to be considered in determining the ultimate issue as to the intention of the donor. Robbins v. Wynne, Tex.Com.App., 44 S.W.2d 946. The deed conveys the property therein described to the grantee named in the deed, and, in law, he is the owner thereof. To overcome the effect of the deed's recital, and ingraft a parol trust on the deed, the party asserting such trust has the burden of showing primarily that he paid the purchase price; but, if evidence is introduced tending to show that it was paid by way of a gift, then the ultimate burden of proof is on the payor to go further in establishing his claim to a resulting trust by showing that the money was paid with the intention of obtaining the beneficial interest in the property—and was not paid as a gift. So in the case at bar, where there is evidence from which it may be reasonably inferred that the money advanced by appellant was a gift to the community, the burden was on appellant to overcome such evidence by clear and satisfactory proof. Clayton v. Ancell, 140 Tex. 441, 168 S.W.2d 230.

The implied finding of the trial court that appellant intended to vest the entire estate into community finds ample support in the evidence. At least the evidence raised the issue, and the trial court determined it in favor of appellee.

Therefore, the judgment of the court below is affirmed.

Affirmed.